**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **TIMOTHY DENVER GUMM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 5:15-CV-41 (MTT)** |
| | ) |
| **Warden BRUCE CHATMAN, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part the Defendants' motion to dismiss (Doc. 16) and granting in part and denying in part the Plaintiff's third motion for leave to file an amended complaint (Doc. 26). (Doc. 29). The Defendants and the Plaintiff have filed objections to the Recommendation and responses to those objections. (Docs. 31; 32; 33; 34). The Court has thoroughly considered the parties' objections and has made a de novo determination of the portions of the Recommendation to which the parties object. Two objections bear mention.

First, the Plaintiff objects to the Recommendation "to the extent [it concludes] that his due process claims accruing from April 17, 2013 through July 31, 2013 should be dismissed as untimely."[1] (Doc. 31 at 8). The Plaintiff alleges that he received the same type of meaningless and pretextual periodic reviews regarding his continued confinement in the SMU under the "old SMU Program" as he did under the "new SMU: Tier III Program" implemented on August 1, 2013. (Docs. 26-1 at 7, 13-15; 31 at 8). The Magistrate Judge

---

[1] The Plaintiff filed his complaint on February 12, 2015, and thus any claims accruing prior to February 12, 2013 are barred by the statute of limitations. The Plaintiff contends that he had three periodic reviews regarding his continued confinement in the SMU that became final between February 12, 2013 and July 31, 2013. (Docs. 26-1 at 13-15; 31 at 8). One of these reviews was conducted on December 10, 2012, but the Plaintiff claims it did not become final until April 17, 2013. (Docs. 26-1 at 70; 31 at 8 n.3). The Court expresses no opinion on whether the claim arising from the December 10, 2012 review accrued within the statute of limitations.

addressed two of these periodic reviews in the context of exhaustion, and the Magistrate Judge recommends dismissing any claims related to the Plaintiff's continued confinement in the SMU prior to August 1, 2013.  (Doc. 29 at 1, 9-10).  As the Magistrate Judge correctly concluded, the Plaintiff has sufficiently alleged that the duration and conditions of the SMU impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life" and that he has been deprived of procedural due process with respect to his continued confinement in the SMU.  (Doc. 29 at 18-23); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Accordingly, the Court cannot say that the Plaintiff's claims arising from reviews during the period of February 12, 2013 through July 31, 2013 are time-barred.

The Plaintiff, however, first alleged that he received these periodic reviews when he filed his third motion for leave to file an amended complaint.  *See* (Doc. 11 at 2) (first motion for leave) ("[The Plaintiff] did not receive any additional hearings or other due process regarding his continued confinement in the SMU until August 1, 2013.") (emphasis in original).  Unlike his extensive discussion of the Tier III Program, the Plaintiff only mentions Defendant Bishop in connection with these reviews.  He alleges she approved the review committee's recommendation to transfer him from the SMU but nevertheless "arbitrarily continu[ed]" the Plaintiff's confinement in the SMU.  (Doc. 26-1 at 13-15, 58).  Accordingly, the Plaintiff may amend his complaint to bring a due process claim against Defendant Bishop based on the reviews he allegedly received under the "old SMU Program."[2]

Second, the Plaintiff objects to the Magistrate Judge's recommendation to deny him leave to amend his complaint to add an "Eighth Amendment malnutrition claim" because such an amendment would be futile.  (Docs. 29 at 16; 31 at 2-7).  "A proposed amendment

---

[2] The Defendants argue that the Plaintiff's motion for leave to file an amended complaint should be denied because "any new claims or defendants have not been screened pursuant to 28 U.S.C. § 1915A."  (Doc. 27 at 4).  As discussed, this claim survives review under § 1915A, as does the Eighth Amendment malnutrition claim discussed below.

may be denied for futility 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (citation omitted).  Although the Magistrate Judge recognized that the Plaintiff exhausted his administrative remedies by filing and appealing the denial of Grievance No. 137685, the Magistrate Judge concluded that the complaint raised in the grievance was time-barred because the grievance was filed on November 14, 2012—the day after the Plaintiff allegedly learned that he had lost 40 pounds from malnutrition.  (Docs. 16-2 at ¶ 39; 26-1 at 44; 29 at 15-16; 33 at 2).  The Plaintiff first argues that the Magistrate Judge determined elsewhere in his Recommendation that this claim is timely under the continuing violation doctrine.[3] (Docs. 31 at 2; 29 at 5-6).  The Plaintiff also argues that even if the continuing violation doctrine does not apply, the statute of limitations did not begin to run until he finished exhausting his administrative remedies, which he alleges occurred on March 7, 2013, when he was notified that his appeal was denied.[4]  (Doc. 31 at 3-5).  The Defendants apparently agree that the statute of limitations did not begin to run until the Plaintiff finished the grievance process.  (Doc. 33 at 2) ("Plaintiff had two years from the denial of his appeal to file a lawsuit with respect to the allegations in grievance number 137685."); *see also Riley v. Vaughn*, 2015 WL 9998422, at *4 (S.D. Ga.) (collecting cases).  At this stage, the Court cannot say that "it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation omitted).

Nor can the Court say that the claim is otherwise futile and fails as a matter of law. The Plaintiff has alleged in detail how he receives inadequate and substandard food on a daily basis in the SMU, including receiving rotten fruits and vegetables, spoiled milk, and

---

[3] It remains to be seen whether this is a plausible continuing violation and, if not, whether the amendment will relate back under Rule 15(c).

[4] The appeal was denied on February 18, 2013.  (Doc. 16-2 at ¶ 39).

"garbage-destined food items deemed unsuitable for inmates at the main facility." (Doc. 26-1 at 39-44). As a result, the Plaintiff alleges that he lost between 40 and 50 pounds and suffers from substantial muscle degeneration, constant bone and joint pain, severe intestinal pain, and extreme hunger pains. (Doc. 26-1 at 31, 44-49). The Plaintiff has sufficiently alleged that the challenged condition is "extreme" and "'pose[s] an unreasonable risk of serious damage to his future health' or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (alteration in original) (citations omitted). The Plaintiff must also show that "the defendant prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue." *Id.* (citation omitted). The Plaintiff alleges that Defendant Washington, as the Food Service Director, was "responsible for providing adequate nutrition," that she refused to take corrective action in response to the Plaintiff's grievances, and that she "willfully submitted a false statement that [led] to the failure of others to take corrective action." (Doc. 26-1 at 5, 61-62). The Plaintiff further alleges that despite receiving numerous complaints from him and other SMU inmates about food deprivation in the SMU, Defendants Chatman, McCloud, Powell, Bishop, Logan, and Williams have all refused to take corrective action. (Doc. 26-1 at 43-45, 48-49, 62). Accordingly, the Plaintiff may amend his complaint to bring his Eighth Amendment malnutrition claim against Defendants Washington, Chatman, McCloud, Powell, Bishop, Logan, and Williams.

The Recommendation is **ADOPTED as modified** and made the Order of this Court. Accordingly, the motion to dismiss (Doc. 16) filed by Defendants Chatman, Jacobs, McCloud, and Powell is **DENIED** with regard to the Plaintiff's due process claims related to his confinement in the SMU on and after August 1, 2013, and **GRANTED** with regard to any other due process claims. The Plaintiff's motion to amend (Doc. 26) is **GRANTED** with regard to (1) his Eighth Amendment malnutrition claim against Defendants Washington, Chatman, McCloud, Powell, Bishop, Logan, and Williams; (2) his due process claims

against Defendants Bishop, Logan, and Williams related to his confinement in the SMU on and after August 1, 2013; and (3) his due process claim against Defendant Bishop based on the reviews he received under the "old SMU Program."  The motion to amend is **DENIED** with regard to any of the Plaintiff's other Eighth Amendment claims.  It is **ORDERED** that service be made on Margaret Washington, June Bishop, Rufus Logan, and Dwayne Williams and that they file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

   **SO ORDERED**, this 31st day of March, 2016.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT