IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TIMOTHY DENVER GUMM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-41 (MTT) |
| | ) |
| Warden BRUCE CHATMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Waseem Daker has moved to vacate the Court's Order (Doc. 103) adopting the Magistrate Judge's Recommendation (Doc. 100) to deny Daker's motion to intervene (Doc. 80). Doc. 124. Daker argues that the Court's order "does not even address, much less consider," his objections to the Recommendation and therefore the Court should vacate the Order (Doc. 103) pursuant to Rule 59(e) to correct the Court's "clear error and manifest injustice," or, "alternatively, to modify said Order to explain which objections it rejects and why it does so." *Id.*

Federal Rule of Civil Procedure 59(e) allows a party to move the Court to alter or amend a final judgment. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion [is] newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (quotation marks and citation omitted). A Rule 59(e) motion cannot be used to "relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted).

Pursuant to 28 U.S.C. § 636(b)(1), the Court carefully reviewed Daker's 47-page objection (Doc. 101), made a de novo determination of the portions of the Recommendation to which Daker objected, and accepted the findings, conclusions, and recommendations of the Magistrate Judge and rejected Daker's objections. Doc. 103. Having done so, the Court was not required to explain why it rejected Daker's objections. Accordingly, Daker has presented no grounds for the Court to alter its denial of Daker's motion to intervene; Daker has certainly not demonstrated any "newly-discovered evidence or manifest error of law or fact" to provide justification to grant Daker's motion, and the motion (Doc. 124) is **DENIED**.

**SO ORDERED**, this 16th of February, 2018.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL
                                          UNITED STATES DISTRICT COURT