**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TIMOTHY DENVER GUMM,** | ) | |
| **ROBERT WATKINS,** | ) | |
| **JOHNNY MACK BROWN, on behalf of** | ) | |
| **Themselves of others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION No.:** |
| | ) | **5:15-CV-41-MTT-CHW** |
| | ) | |
| **TIMOTHY WARD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER AND DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

    **COME NOW**, Timothy Ward, Ricky Myrick, Steve Upton, Rick Jacobs, Randy Tillman, Eric Sellers, Bruce Chatman, Michael Cannon, Rodney McCloud, William Powell, June Bishop, Rufus Logan, George Ball, Thomas Sumpter, Dwain Williams, and Margaret Washington, Defendants in the above-styled case, by and through Counsel Christopher M. Carr, the Attorney General for the State of Georgia, without waiving any service or jurisdictional defenses, and hereby answer and respond to Plaintiffs' Third Amended Complaint ("Complaint") (Doc. 140) as follows:

**<u>FIRST DEFENSE</u>**

    Plaintiffs' Complaint fails to state a claim for which relief can be granted.

**<u>SECOND DEFENSE</u>**

    Defendants deny that Plaintiffs have been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

**THIRD DEFENSE**

Plaintiffs, at all times relevant hereto, were afforded all constitutional rights and protections to which they were entitled under state and federal law.

**FOURTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the statute of limitations.

**FIFTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrine of laches.

**SIXTH DEFENSE**

Plaintiff s failed to exhaust their administrative remedies with respect to some or all of their claims prior to filing their complaint.

**SEVENTH DEFENSE**

Defendants in their official capacities are entitled to Eleventh Amendment immunity from Plaintiffs' claims.

**EIGHTH DEFENSE**

Defendants in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983.

**NINTH DEFENSE**

Defendants in their individual capacities have qualified immunity from Plaintiffs' claim.

**TENTH DEFENSE**

Vicarious liability is not permitted under 42 U.S.C. § 1983.

**ELEVENTH DEFENSE**

Plaintiffs' alleged injuries were not proximately caused by any action or omission by Defendants.

## TWELFTH DEFENSE

The requested injunctive relief is not authorized under 18 U.S.C. § 3626, the Prison Litigation Reform Act.

## THIRTEENTH DEFENSE

Defendants retain the right to assert other defenses allowed by law at such time as the allegations are more specifically pled or developed.

Without waiving any of the above defenses and in answer to Plaintiffs Third Amended Complaint (Doc. 140) Defendants state as follows:

## INTRODUCTION

1. Inasmuch as this Paragraph contains no allegation of fact, no response appears necessary to the allegations in this Paragraph. To the extent that a response is necessary, Defendants deny the allegations in this Paragraph as written.

2. Defendants admit only that Plaintiffs are inmates in the custody of the Georgia Department of Corrections ("GDC"). Defendants deny the remaining allegations in this Paragraph as written.

3. Defendants admit only that Plaintiffs are or were housed in the Special Management Unit ("SMU"), that the Special Management Unit is a 192 bed facility, that the SMU is the only facility of its kind in Georgia and that it houses inmates who are in the Tier III Program. Defendants deny the remaining allegations in this Paragraph as written.

4. To the extent that the quoted phrases in this Paragraph paraphrase any portions of GDC policies, Defendants respond that the policies speak for themselves. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied. Defendants deny the remaining allegations in this Paragraph as written.

5. Defendants deny the allegations in this Paragraph as written.

6. Defendants admit only that there are six housing units, known as "wings" in the SMU, and that restrictions on inmates vary according to the inmate's assigned wing. Defendants deny the remaining allegations in this Paragraph as written.

7. Defendants admit only that inmates in D, E and F Wings have in-cell showers, and inmates in A, B and C Wings shower out of cell. Defendants deny the remaining allegations in this Paragraph as written.

8. Defendants admit that visitation in the SMU is restricted, and that a clear acrylic panel separates the inmate from the visitor. Defendants deny the remaining allegations in this Paragraph as written.

9. Defendants deny the allegations in this Paragraph as written.

10. Defendants admit only that their policies with respect to the SMU are changed from time to time. Defendants deny the remaining allegations in this Paragraph.

11. Defendants deny the allegations in this Paragraph and deny that any action or inaction by any Defendant is or was the cause of any alleged injury to Plaintiff.

12. Inasmuch as this is not a class action lawsuit, Defendants deny that Plaintiffs bring this action on behalf of any other inmate. Defendants deny that they have engaged in "unlawful practices," and deny that any action or inaction by any Defendant was or is the cause of any alleged injury to Plaintiff.

13. Defendants deny the allegations in this Paragraph and deny that any action or inaction by any Defendant is or was the cause of any alleged injury to Plaintiff.

## JURISDICTION AND VENUE

14. Defendants admit that jurisdiction is proper in this Court.

4

15. Defendants admit that venue is proper in the Middle District of Georgia, Macon Division.

**PARTIES**

**A. Plaintiffs**

16. Defendants deny the allegations in this Paragraph as written.

17. Defendants admit the allegations in this Paragraph.

18. Defendants admit the allegations in this Paragraph.

**B. Defendants**

19. Defendants admit the allegations in this Paragraph.

**1. The Central Office Defendants**

20. Defendants admit that Timothy Ward ("Ward") is sued in both his individual and official capacities, that Ward is presently the Assistant Commissioner and Chief of Staff for the GDC, and that Ward assumed that role in June, 2011. Defendants deny the remaining allegations in this Paragraph as written.

21. Defendants admit that Ricky Myrick ("Myrick") is sued in his individual capacity, that Myrick is presently the Assistant Commissioner of Facilities for the GDC, and that Myrick assumed that role in December 2016. Defendants deny the remaining allegations in this Paragraph as written.

22. Defendants admit that Steve Upton ("Upton") is sued in his individual capacity, that Upton is presently the Field Operations Director for the GDC, and that Upton assumed that role in September 2015 after serving as Deputy Director of Facilities Operations and as Warden of Georgia Diagnostic and Classification Prison ("GDCP"). Defendants deny the remaining allegations in this Paragraph as written.

23. Defendants admit that Rick Jacobs ("Jacobs") is sued in his individual capacity, that Jacobs served as Facilities Director for the GDC from January 1, 2014 until September 2015, and that the position of Facilities Director is comparable to the position of Field Operations Director. Defendants admit that Jacobs served as Field Operations Manager for the GDC North Region, including GDCP and the SMU, between July 2010 and January 2014. Defendants deny the remaining allegations in this Paragraph as written.

24. Defendants admit that Randy Tillman ("Tillman") is sued in his individual capacity, that Tillman served as Facilities Director for the GDC from June 2011 until January 2014. Defendants deny the remaining allegations in this Paragraph as written.

### 2. The Georgia Diagnostic Defendants

25. Defendants admit that Eric Sellers ("Sellers") is sued in both his individual and official capacity, that Sellers is presently the Warden at GDCP, and that Sellers became GDCP Warden in July 2016. Defendants deny the remaining allegations in this Paragraph as written.

26. Defendants admit that Bruce Chatman ("Chatman") is sued in his individual capacity, and that Chatman served as Warden at GDCP between July 2013 and July 2016.  Defendants deny the remaining allegations in this Paragraph as written.

27. Defendants admit that Michael Cannon ("Cannon") is sued in both his individual and official capacities, that Cannon is presently the Superintendent of the SMU at GDCP and that Cannon became Superintendent on October 1, 2016. Defendants deny the remaining allegations in this Paragraph as written.

28. Defendants admit that Rodney McCloud ("McCloud") is sued in his individual capacity, and that McCloud served as Superintendent of the SMU at GDCP from April 2014 until January 2016. Defendants admit that McCloud assumed the role of Superintendent from

Deputy Wardens of Security June Bishop ("Bishop") and William Powell ("Powell"). Defendants admit that McCloud is presently the Deputy Warden of Security at Telfair State Prison in Helena, Georgia. Defendants deny the remaining allegations in this Paragraph as written.

29. Defendants admit that June Bishop ("Bishop") is sued in her individual capacity, that she served as Co-Deputy Warden of Security for the GDC SMU, that she served as the acting Superintendent of the SMU from January 2016 until October 2016, and that she is presently the Deputy Warden of Security at GDCP's main facility. Defendants deny the remaining allegations in this Paragraph as written.

30. Defendants admit that William Powell ("Powell") is sued in both his individual and official capacities, that Powell is presently that Deputy Warden of Security for the SMU at GDCP, and that he served as Co-Deputy Warden of Security for the GDC SMU until November 2016, when he became the sole Deputy Warden of Security for the SMU. Defendants deny the remaining allegations in this Paragraph as written.

31. Defendants admit that George Ball ("Ball") is sued in his official capacity as Unit Manager for the SMU. Defendants deny the remaining allegations in this Paragraph as written.

32. Defendants admit that Rufus Logan ("Logan") is sued in individual capacity as the former Unit Manager for the SMU. Defendants deny the remaining allegations in this Paragraph as written.

33. Defendants admit that Thomas Sumpter ("Sumpter") is sued in official capacity as Chief of Security for the SMU at Georgia Diagnostic. Defendants deny the remaining allegations in this Paragraph as written.

34. Defendants admit that Dwain Williams is sued in both his individual and official capacities, and that Williams is presently the Chief of Security for the SMU at GDCP. Defendants deny the remaining allegations in this Paragraph as written.

35. Defendants admit that Margaret Washington ("Washington") is sued in her individual capacity, and that Washington served as Food Service Director for GDCP. Defendants deny the remaining allegations in this Paragraph as written.

## ALLEGATIONS OF FACT

**A.   Plaintiffs Have Experienced Years of Solitary Confinement in the Special Management Unit**

**1.   Timothy Gumm was held in the SMU for more than seven years.[1]**

36. Upon information and belief Defendants admit the allegations in this Paragraph.

37. Upon information and belief Defendants admit only that Gumm's disciplinary history shows that the last two findings of guilt were for failure to follow instructions. Defendants deny the remaining allegations in this Paragraph as written.

38. Upon information and belief Defendants admit the allegations in this Paragraph.

39. Upon information and belief Defendants admit only that Gumm has had several job assignments while in prison and upon information and belief, Gumm's most recent assignment was as an education aide. To the extent that the quoted phrases in this Paragraph paraphrase any portions of a form created, written or completed by Gumm's supervisor, the form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied.

---

[1] For ease of reference, Defendants repeat the captions in Plaintiffs' Third Amended Complaint. Defendants deny any allegations contained therein.

40. Defendants admit that Gumm was one of at least three inmates who attempted to escape from Telfair State Prison in January 2010. Defendants deny the remaining allegations in this Paragraph as written.

41. Upon information and belief Defendants admit the allegations in this Paragraph.

42. Upon information and belief Defendants admit the allegations in this Paragraph.

43. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same.

44. Defendants admit only that the disciplinary report was expunged on appeal because the appeal form contained no report number and that the report is not reflected in Gumm's disciplinary history. Defendants deny the remaining allegations in this Paragraph as written.

45. Defendants deny that the expunged disciplinary report is or was the sole reason for Gumm's confinement in the SMU and the Tier III Program.

**2.      Robert Watkins has been held in the SMU for more than eight years.**

46. Defendants admit only that Robert Watkins ("Watkins") has been in GDC custody since April 2007, that Watkins is serving a life sentence and is eligible for parole. Defendants deny the remaining allegations in this Paragraph as written.

47. Defendants admit that Watkins was housed at Hays State Prison in July of 2009, and that Watkins was transferred to the SMU on July 27, 2009. Defendants deny the remaining allegations in this Paragraph as written.

48. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same.

49. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same.

50. Defendants deny the allegations in this Paragraph as written.

> **3.      Johnny Mack Brown has been held in the SMU for more than nine years**

51. Admitted.

52. Defendants admit that Johnny Mack Brown ("Brown") escaped from Hays State Prison in October 2008, and that in November 2008 Brown was recaptured and placed in the SMU.

53. Defendants are without sufficient information to admit or deny the allegations regarding any statements by SMU personnel relating to how long Brown would be in the SMU and therefore deny same. Defendants admit that Brown remains in the SMU. Defendants deny the remaining allegations in this paragraph.

> **B.      Prisoners in the SMU Experience Solitary Confinement Under Conditions of Severe Isolation and Deprivation.**

54. Admitted.

55. Admitted.

56. Upon information and belief Defendants admit the allegations in this Paragraph.

57. Admitted.

58. Upon information and belief Defendants admit the allegations in this Paragraph.

59. Defendants deny the allegations in this Paragraph as written.

60. Defendants deny the allegations in this Paragraph as written.

61. Defendants deny the allegations in this Paragraph as written.

62. Defendants deny the allegations in this Paragraph as written.

63. Admitted.

64. Admitted.

65. Upon information and belief Defendants admit the allegations in this Paragraph.

66. Defendants admit only that each housing wing is associated with a different phase of the Tier Program and that each phase has a set of restrictions. Defendants deny the remaining allegations in this Paragraph as written.

67. Admitted.

68. Defendants admit only that Phase Four is the most restrictive phase of the Tier III Program, that Phase Four prisoners are housed in E Wing, that inmates housed in Phase Four are restricted to their cells for 24 hours and that inmates housed in Phase Four are allowed one contact visit per month of up to two hours after the first 30 days. Defendants deny the remaining allegations in this Paragraph as written.

69. Admitted.

70. Admitted.

71. Defendants admit that the final phase is Phase One, and that Phase One inmates are normally housed in A Wing. Defendants admit only that at times inmates who are in Phase One are housed in other wings; however those inmates are afforded the same privileges afforded to inmates housed in A Wing.

72. Admitted.

73. Defendants admit only that it is possible for an inmate who has progressed out of Phase Four to be returned to Phase Four due to rules violations. Defendants deny the remaining allegations in this Paragraph as written.

74. Defendants admit only that a clipboard containing a chart, which is changed weekly, is posted outside of each cell in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

75. Inasmuch as this Paragraph contains no allegation of fact, no response appears necessary to the allegations in this Paragraph. To the extent that a response is necessary, Defendants deny the allegations in this Paragraph as written.

76. Defendants admit only that inmates confined in the SMU eat their meals in their cells. Defendants deny the remaining allegations in this Paragraph as written.

77. Defendants deny that prisoners in the SMU, including Gumm, are or were underfed. Defendants are without sufficient information to admit or deny the remaining allegations in this Paragraph and therefore deny same.

78. Defendants admit only that inmates housed in Phase Four have in-cell recreation only, that Phase Four lasts at least 90 days, that inmates can be sent back to Phase Four for rules violations, that inmates in the other Phases are allowed five hours of exercise per week, that the exercise takes place in a metal holding pen and that there are times when outdoor recreation must be cancelled or postponed. Defendants deny the remaining allegations in this Paragraph as written.

79. Admitted.

80. Defendants admit only that inmates in wings D-F have in-cell showers. Defendants deny the remaining allegations in this Paragraph as written.

81. Defendants admit that visitation in the SMU is restricted, and that inmates housed in Phase One may have visitation four times a month for up to three hours. Defendants admit that a clear acrylic panel separates the inmate from the visitor. Defendants deny the remaining allegations in this Paragraph as written.

82. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same. Defendants deny that any action or inaction by any Defendant was or is the cause of any lack of visitation to Gumm or to any other SMU inmate.

83. Admitted.

84. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same. Defendants deny that any action or inaction by any Defendant was or is the cause of any lack of telephone calls to Gumm or to any other SMU inmate.

85. Admitted.

86. Admitted.

87. Defendants admit only that programming for inmates housed in the SMU is limited. Defendants deny the remaining allegations in this Paragraph as written.

88. Admitted.

89. Defendants admit only that classroom instruction is limited to one to two hours at a time per week and that the two classrooms each contain four individual units where each inmate is detained during class sessions.

90. Defendants admit that religious services are not conducted in the SMU. Defendants deny that inmates housed in the SMU lack access to chaplaincy services and deny that inmates housed in the SMU are prohibited from practicing their religion in their individual cells.

91. Defendants admit that inmates housed in Phase Four are permitted only state issue personal property. Defendants deny the remaining allegations in this Paragraph as written.

92. Defendants deny the allegations in this Paragraph as written.

93. Defendants admit only that the conditions in the SMU are more restrictive than those of the general population housing units. Defendants deny that these restrictive conditions violate any Constitutional right of Plaintiffs, or of any other inmate housed in the SMU.

94. Defendants admit only that inmates housed in general population generally are allowed outdoor recreation, generally are able to walk about their housing units at certain designated times, and generally do not have to be strip searched or confined in either handcuffs or leg restraints when leaving their cells.

95. Defendants admit only that inmates housed in general population generally are allowed contact visits on Saturdays, Sundays and holidays, and generally are allowed more frequent telephone contact than inmates housed in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

96. Defendants admit only that inmates housed in general population may have access to job assignments, classes, and vocational programs. Defendants deny the remaining allegations in this Paragraph as written.

97. Admitted.

98. Defendants admit only that inmates housed in general population may receive care or incentive packages, and that inmates generally take meals in a communal dining hall. Defendants deny the remaining allegations in this Paragraph.

99. Defendants deny the allegations in this Paragraph as written.

100. Defendants deny the allegations in this Paragraph as written.

**C.    Defendants Have Operated the SMU for Ten Years Without Establishing a System of Meaningful Review.**

101. Defendants admit that during the relevant time frame there have been six Standard

Operating Procedures regarding the SMU. Defendants deny the remaining allegations in this Paragraph as written.

102. Defendants deny the allegations in this Paragraph.

### 1. Defendants' Review of Gumm's Confinement Under the Six SMU Policies

### a. The Unwritten Policy: 2007 to September 2012

103. Admitted.

104. Defendants deny the allegations in this Paragraph as written.

105. Defendants deny the allegations in this Paragraph as written.

106. Upon information and belief Defendants admit only that Gumm was housed in the SMU during the time frame when there was no written SMU policy.

107. Inasmuch as Plaintiff admits that he raises no claims under the time frame when there was no written policy and inasmuch as there are no allegations of fact in this Paragraph, no response to this Paragraph appears necessary. To the extent a response is necessary, Defendants deny any allegations in this Paragraph.

### b. The 2012 SMU Policy: September 2012 to August 2013

108. Defendants admit only that Exhibit A (Doc. 140-1) is the 2012 policy and that the policy was created under the authority of then-Commissioner Brian Owens and Defendant Tillman.

109. Admitted.

110. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2012 SMU policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

111. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2012 SMU policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

112. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2012 SMU policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

113. Defendants deny the allegations in this Paragraph as written.

114. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2012 SMU policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

115. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2012 SMU policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

116. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2012 SMU policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

117. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2012 SMU policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

118. Defendants deny the allegations in this Paragraph as written.

119. Defendants deny the allegations in this Paragraph as written.

120. Defendants deny the allegations in this Paragraph as written.

121. Defendants deny the allegations in this Paragraph as written.

122. Defendants deny the allegations in this Paragraph as written.

123. Upon information and belief, Defendants admit the allegations in this Paragraph.

124. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form dated December 10, 2012 and state that the Form speaks for itself.

125. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form dated April 8, 2013 and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Bishop approved the Review Committee's recommendation. Defendants deny the remaining allegations in this Paragraph as written. Defendants deny that the Review Committee's finding meant that Gumm "had completed the SMU program and should be transferred to a general population housing assignment."

126. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

127. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form dated July 31, 2013 and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Bishop approved the Review Committee's recommendation. Defendants deny the remaining allegations in this Paragraph as written. Defendants deny that the Review Committee's finding meant that Gumm "had completed the SMU program and should be transferred to the general population."

128. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

129. Defendants deny the allegations in this Paragraph as written.

130. Defendants admit only that officials in GDC's Central Office made the final decision as to whether an inmate was released from the SMU. Defendants deny the remaining allegations in this Paragraph as written.

131. Defendants admit only that the decision of the Central Office officials was the final decision. Defendants are without sufficient information to admit or deny the remaining allegations in this Paragraph and therefore deny same.

### c. The 2013 Tier III Policy: August 2013 to April 2015

132. Defendants admit only that Exhibit B (Doc. 140-2) is the August 1, 2013 Special Management Unit Tier III Policy and that the Policy was created under the authority of then-Commissioner Brian Owens and Defendant Tillman.

133. Defendants admit that the allegations in this Paragraph paraphrase the Tier policies and state that the policies speak for themselves. To the extent Plaintiffs' paraphrase differs from the plain wording of the policies the allegations in this Paragraph are denied. Defendants admit that Tier III was implemented only at GDCP's SMU.

134. Defendants admit that the SMU consists of 192 cells for Tier III inmates, and admit that those are the most restrictive cells in the GDC. Defendants deny the remaining allegations in this Paragraph as written.

135. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2013 Tier III Policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

136. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2013 Tier III Policy, which speaks for itself. Defendants admit that a twelfth criterion was added

to the criteria for admission to the Tier III Program. Defendants deny that this criterion was a "subjective, catch-all provision." To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

137. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2013 Tier III Policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

138. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2013 Tier III Policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

139. The allegations in this Paragraph pertain to the Tier II Program, and are not relevant to the allegations that are the subject matter of Plaintiffs' Complaint. Defendants deny the allegations in this Paragraph as written.

140. Defendants admit that Defendant Powell completed an "Assignment Memo" with respect to Gumm's housing in the SMU Tier III Program. Defendants admit that Gumm had been confined in the SMU since January, 2010. Defendants admit that the allegations in this Paragraph paraphrase a section of the Assignment Memo, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the memo the allegations in this Paragraph are denied.

141.  Defendants admit that the allegations in this Paragraph paraphrase a section of the 2013 Tier III Policy, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied. Defendants deny the remaining allegations in this Paragraph as written.

142. Defendants deny the allegations in this Paragraph as written.

143. Upon information and belief, Defendants admit the allegations in this Paragraph.

144. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' January 7, 2014 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants are without sufficient information to admit or deny what Gumm may have been told or why Gumm did not attend the Review Committee hearing and therefore deny same.

145. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' July 29, 2014 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Powell approved the Review Committee's recommendation on August 4, 2014.

146. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

147. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' October 28, 2014 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Powell approved the Review Committee's recommendation on October 29, 2014.

148. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

149. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' January 21, 2015 review and state that the Form

20

speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Powell approved the Review Committee's recommendation on January 27, 2015.

150. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

### d. The 2015 Tier III Policy: April 2015 to August 2016

151. Defendants admit only that Exhibit C (Doc. 140-3) is the April 3, 2015 Tier III Policy and that the Policy was created under the authority of then-Commissioner Homer Bryson and Defendant Jacobs.

152. Upon information and belief, Defendants admit the allegations in this Paragraph.

153. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' May 4, 2015 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Powell approved the Review Committee's recommendation on May 14, 2015.

154. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

155. Defendants admit that the allegations in this Paragraph paraphrase a section of the Review/Classification Appeal Form and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant McCloud signed the Form concurring with the SMU: Tier III Program Classification Committee's Action but deny that the recommendation was to transfer Plaintiff from the SMU.

156. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' August 4, 2015 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Powell approved the Review Committee's recommendation on August 4, 2015.

157. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

158. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' November 3, 2015 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Powell approved the Review Committee's recommendation on November 3, 2015.

159. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

160. Defendants admit that the allegations in this Paragraph paraphrase a section of the Review/Classification Appeal Form and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied.

161. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' February 10, 2016 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Bishop approved the Review Committee's recommendation on February 10, 2016.

162. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

163. Defendants admit that the allegations in this Paragraph paraphrase a section of the Review/Classification Appeal Form and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied.

164. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' May 18, 2016 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Bishop approved the Review Committee's recommendation on May 26, 2016.

165. Defendants admit only that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

166. Defendants admit that the allegations in this Paragraph paraphrase a section of the Review/Classification Appeal Form and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied.

**e. the 2016 Tier III policy: August 2016 to November 2017**

167. Defendants admit only that Exhibit D (Doc. 140-4) is the August 8, 2016 "Policy Information Bulletin" ("2016 Tier III Policy"), which revised portions of the previous SMU Tier III Policy state that the 2016 Tier III Policy speaks for itself.

168. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2016 Tier III Policy and state that the 2016 Tier III Policy speaks for itself. To the extent

Plaintiffs' paraphrase differs from the plain wording of the 2016 Tier III Policy the allegations in this Paragraph are denied.

169. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2016 Tier III Policy and state that the 2016 Tier III Policy speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the 2016 Tier III Policy the allegations in this Paragraph are denied.

170. Defendants admit that the allegations in this Paragraph paraphrase a section of the 2016 Tier III Policy and state that the 2016 Tier III Policy speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the 2016 Tier III Policy the allegations in this Paragraph are denied.

171. Upon information and belief, Defendants admit the allegations in this Paragraph.

172. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' August 19, 2016 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendant Bishop approved the Review Committee's recommendation on August 23, 2016 and that Defendant Sellers approved the recommendation on August 25, 2016.

173. Defendants admit that the allegations in this Paragraph paraphrase a section of the Review/Classification Appeal Form and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

174. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' December 8, 2016 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Defendants Cannon and Sellers approved the recommendation on December 9, 2016 and that Defendant Upton later disapproved of the recommendation. Defendants admit that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

175. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' March 9, 2017 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants deny that the recommendation is currently pending review, and state that Defendants Cannon and Sellers approved the recommendation on March 18 and 20, 2017, respectively, and that Defendant Upton disapproved of the recommendation on April 20. Defendants admit that Gumm remains confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

176. Defendants admit that the allegations in this Paragraph paraphrase a section of the Review/Classification Appeal Form and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants admit that Gumm remained confined in the SMU.

177. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' June 6, 2017 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the

allegations in this Paragraph are denied. Defendants admit that Gumm remained confined in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

178. Defendants admit only that the Department of Corrections established a STEP program which permits inmates to come out of their cells in a group setting, and that Gumm was one of the first inmates transferred to this program. Defendants deny the remaining allegations in this Paragraph as written.

179. Defendants admit that the allegations in this Paragraph paraphrase a section of the SMU 90 Day Review Form from Plaintiffs' June 29, 2017 review and state that the Form speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the form the allegations in this Paragraph are denied. Defendants deny the remaining allegations in this Paragraph as written.

180. Based upon information and belief Defendants admit that Gumm was transferred to the STEP program on July 24, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny same.

181. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny same.

182. Defendant Myrick denies the allegations in this Paragraph as written.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny same.

### f. The 2017 Tier III Policy: November 2017 to Present

183. Defendants admit that Exhibit E (Doc. 140-5) is the November 8, 2017 Tier III Policy. Defendants admit that the allegations in this Paragraph paraphrase a section of the November 8, 2017 Tier III Policy and state that the November 8, 2017 Policy speaks for itself.

To the extent Plaintiffs' paraphrase differs from the plain wording of the November 8, 2017 Policy the allegations in this Paragraph are denied. Defendants further deny the remaining allegations in this Paragraph as written.

184. Defendants deny the allegations in this Paragraph as written.

185. Defendants admit the allegations in this Paragraph.

## 2. Defendants' Application of their policies to Brown and Watkins

186. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

187. Defendants deny the allegations contained in this Paragraph as written.

188. Defendants deny the allegations contained in this Paragraph as written.

189. Defendants admit only that Watkins was transferred to Georgia State Prison on July 31, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny same.

190. Defendants deny the allegations in this Paragraph as written.

191. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

## 2. Defendants' Responsibility for Prisoners' Continued Solitary Confinement in the SMU

192. Defendants admit only that Gumm remained housed in the SMU for seven years, and that Brown and Watkins remain housed in the SMU. Defendants deny the remaining allegations in this Paragraph as written.

193. Admitted.

27

194. Defendants deny the allegations in this Paragraph as written.

195. Defendants deny the allegations in this Paragraph as written.

196. Defendants deny the allegations in this Paragraph as written.

### 3. Arbitrariness of Prisoners' Continued Solitary Confinement in the SMU

197. Defendants deny the allegations in this Paragraph as written.

198. Defendants admit only that inmates have been released from the SMU and GDC custody at the completion of their sentence. To the extent Plaintiffs' allegations differ from actual GDC records the allegations in this Paragraph are denied. Defendants deny the remaining allegations in this Paragraph as written.

199. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

### D.   Plaintiffs' Indefinite Solitary Confinement Deprives Him of Basic Human Needs  and Subjects Him to a Risk of Serious Harm.

200. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

201. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

202. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

203. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

204. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

205. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

206. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

207. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

208. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

209. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

210. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

211. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

212. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

213. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

214. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

215. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

216. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

217. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

**E.    Gumm's Seven-Year Term of Solitary Confinement Is Grossly Disproportionate Punishment.**

218. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

219. Defendants admit that the allegations in this Paragraph paraphrase a section of GDC Policy No. 209.01, which speaks for itself. To the extent Plaintiffs' paraphrase differs from the plain wording of the policy the allegations in this Paragraph are denied.

220. Defendants admit that Gumm was in the SMU for seven years, but deny that Gumm was in the SMU as a disciplinary sanction.

221. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

222. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

223. Defendants deny the allegations in this Paragraph.

**F.    Gumm Was Deprived of Sufficient Amounts of Food.**

224. Admitted.

225. Admitted.

226. Admitted.

227. Defendants deny the allegations in this Paragraph.

228. Defendants deny the allegations in this Paragraph.

229. Defendants deny the allegations in this Paragraph.

230. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

231. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

232. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same.

233. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same.

234. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

235. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same. Defendants deny that any action or inaction by any Defendant is or was the cause of any alleged "muscle degeneration, constant bone and joint pain, and extreme hunger pains throughout the day and night" allegedly experienced by Plaintiff.

236. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same. Defendants deny that any action or inaction by any Defendant was or is the cause of any alleged weight loss allegedly experienced by Plaintiff.

237. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same. Defendants deny that any action or inaction by any Defendant was or is the cause of any alleged joint pain allegedly experienced by Plaintiff.

238. Defendants admit that Plaintiff filed grievances about food in the SMU and state that the grievances speak for themselves. Defendants deny that there was any "systemic food deprivation" in the SMU. Defendants are without sufficient information to admit or deny the allegations in this Paragraph regarding Plaintiffs' alleged weight loss and therefore deny same. Defendants deny that any action or inaction by any Defendant was or is the cause of any alleged weight loss allegedly experienced by Plaintiff.

239. Defendants admit that Defendant Washington responded to Plaintiffs' formal grievance and state that the response speaks for itself.

240. Upon information and belief, Defendants admit that Gumm was temporarily transferred to Valdosta State Prison in April 2013. Defendants are without sufficient information to admit or deny the remaining allegations in this Paragraph and therefore deny same. Defendants deny that any action or inaction by any Defendant was or is the cause of any alleged "abnormally low" weight allegedly experienced by Plaintiff.

241. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same. Defendants deny that there was any "lack of food" in the SMU.

242. Defendants are without sufficient information to admit or deny the allegations in this Paragraph and therefore deny same.

243. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

244. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written. Defendants deny that there were "longstanding problems with food service and food deprivation" in the SMU.

245. Defendants admit that inmates in the SMU complained about their food and that the referenced signage is posted in the SMU's medical unit. Defendants deny that there was a "lack of food" and deny that the sign was a "warning" or that the sign indicates any Defendants' "awareness of" any alleged "problems."

246. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

247. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

## CLASS ACTION ALLEGATIONS

248. Inasmuch as this case has not been certified as a class action no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

249. The contents of this Paragraph contains a legal conclusion, thus, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

250. The contents of this Paragraph contains a legal conclusion, thus, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

### CLAIMS FOR RELIEF

### COUNT I:

### VIOLATIONS OF THE FOURTEENTH AMENDMENT
### DUE PROCESS CLAUSE
### (Procedural Due Process)

251. No response to this Paragraph is necessary. To the extent a response is necessary, Defendants incorporate their responses to Paragraphs 1-13 and 16-250.

252. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written. Defendants deny that Plaintiff has been subjected to any atypical and significant hardship.

253. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written. Defendants deny that Plaintiff has a protected liberty interest under the Due Process Clause.

254. Defendants deny the allegations in this Paragraph as written.

255. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is

necessary, Defendants deny this Paragraph as written. Defendants deny that Plaintiffs have a protected liberty interest under the Due Process Clause.

256. Defendants deny the allegations in this Paragraph as written.

257. Defendants deny the allegations in this Paragraph as written. Defendants deny that Plaintiffs have a protected liberty interest under the Due Process Clause.

258. Defendants deny that allegations in this Paragraph.

259. Defendants deny that Gumm is entitled to any of the relief requested, or any relief whatsoever.

260. Defendants deny that Gumm is entitled to any of the relief requested, or any relief whatsoever.

## COUNT II:

### VIOLATIONS OF THE FOURTEENTH AMENDMENT
### DUE PROCESS CLAUSE
### (Substantive Due Process)

261. No response to this Paragraph is necessary. To the extent a response is necessary, Defendants incorporate their responses to Paragraphs 1-13 and 16-250.

262. Defendants deny the allegations in this Paragraph.

263. Defendants deny the allegations in this Paragraph.

264. Defendants deny the allegations in this Paragraph.

265. Defendants deny that Gumm is entitled to any of the relief requested, or any relief whatsoever.

## COUNT III:

## VIOLATIONS OF THE EIGHTH AMENDMENT
## CRUEL AND UNUSUAL PUNISHMENTS CLAUSE
### (Solitary Confinement)

266. No response to this Paragraph is necessary. To the extent a response is necessary, Defendants incorporate their responses to Paragraphs 1-13 and 16-250.

267. Defendants deny the allegations in this Paragraph as written.

268. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

269. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

270. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants deny this Paragraph as written.

271. Defendants deny the allegations in this Paragraph.

272. Defendants deny that Plaintiffs are entitled to any of the relief requested, or any relief whatsoever.

273. Defendants deny that Gumm is entitled to any of the relief requested, or any relief whatsoever.

## COUNT IV:

### VIOLATIONS OF THE EIGHTH AMENDMENT
### CRUEL AND UNUSUAL PUNISHMENTS CLAUSE
### (Grossly Disproportionate Punishment)

274. No response to this Paragraph is necessary. To the extent a response is necessary, Defendants incorporate their responses to Paragraphs 1-13 and 16-250.

275. Defendants deny the allegations in this Paragraph.

276. Defendants deny the allegations in this Paragraph as written.

277. Defendants deny the allegations in this Paragraph.

278. Defendants deny that Gumm is entitled to any of the relief requested, or any relief whatsoever.

## COUNT V:

### VIOLATIONS OF THE EIGHTH AMENDMENT
### CRUEL AND UNUSUAL PUNISHMENTS CLAUSE
### (Food Deprivation)

279. No response to this Paragraph is necessary. To the extent a response is necessary, Defendants incorporate their responses to Paragraphs 1-13 and 32-219.

280. Inasmuch as this Paragraph contains only conclusory assertions and no allegations of fact, no response to this Paragraph appears necessary. To the extent that a response is necessary, Defendants admit this Paragraph.

281. Defendants deny the allegations in this Paragraph as written. Defendants deny that any alleged action or inaction by any Defendant violated Gumm's Eighth Amendment rights.

282. Defendants deny that Gumm is entitled to any of the relief requested, or any relief whatsoever.

## PRAYER FOR RELIEF

In response to the prayer for relief Defendants deny that Plaintiff is entitled to any of the relief requested, or any relief whatsoever.

Any allegation to which Defendants have not otherwise responded is hereby denied. Defendants deny that they are liable to Plaintiff for any reason or in any amount.

WHEREFORE Defendants pray that this Court:

1.     Enter judgment in their favor and against Plaintiff;

2.     Deny Plaintiff all relief;

3.     Grant Defendants a jury trial; and

4.     Grant Defendants such other and further relief as the Court may deem appropriate.

Respectfully submitted, this the 11th day of June, 2017.

CHRISTOPHER M. CARR          112505
Attorney General

KATHLEEN M. PACIOUS          558555
Deputy Attorney General

s/Susan E. Teaster
SUSAN E. TEASTER               701415
Senior Assistant Attorney General

/s/ Laura L. Lones
LAURA L. LONES                   456778
Assistant Attorney General

/s/ Elizabeth M. Crowder
ELIZABETH M. CROWDER       100809
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Sarah Geraghty
Ryan Primerano
Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, Georgia 30303
Telephone:      (404) 688-1202
Facsimile:      (404) 688-9440 (fax)
sgeraghty@schr.org
rprimerano@schr.org

C. Allen Garrett, Jr.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NW Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6141
Facsimile: (404) 541-3211
agarrett@kilpatricktownsend.com

Tamara Serwer Caldas
Kilpatrick Townsend & Stockton LLP
1100 Peachtree  Street NW Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6006
Facsimile:   (404)541-4754
tcaldas@kilpatricktownsend.com

Chris William Haaf
1001 West Fourth Street
Winston-Salem, NC 27101
chaaf@kilpatricktownsend.com

James F. Bogan, III
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6467
Facsimile:   (404)541-3133
jbogan@kilpatricktownsend.com

This the 11th day of June, 2017.

s/Susan E. Teaster
Georgia Bar No. 701415
Senior Assistant Attorney General

Please Address All
Communications To:
Susan E. Teaster
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404) 463-8850
steaster@law.ga.gov

40