IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TIMOTHY DENVER GUMM,** | ) | |
| **ROBERT WATKINS,** | ) | |
| **JOHNNY MACK BROWN, on behalf of** | ) | |
| **Themselves of others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION No.:** |
| | ) | **5:15-CV-41-MTT-CHW** |
| | ) | |
| **TIMOTHY WARD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' ORAL MOTION FOR PERMISSION TO FILE REDACTED EXPERT REPORT**

**COME NOW** the Defendants in the above-styled case, by and through Counsel Christopher M. Carr, the Attorney General for the State of Georgia, and hereby respond to Plaintiffs' Oral Motion for Permission to File Redacted Expert Report as follows:

A status conference in this case was held on May 30, 2018. At the conference Plaintiffs' counsel sought permission from the Court to file a redacted version of the Plaintiffs' expert's report. Defendants objected, and the Court allowed Defendants fourteen days to file their objections. (Doc. 149). For the reasons that follow, this Court should not permit Plaintiffs to file the report until such time as dispositive motions are due to be filed.

Both the Federal Rules of Civil Procedure and this Court's local rule state that Disclosures under Fed.R.Civ.P. 26(a)(1) or (2) and the following discovery requests and responses *must* not be filed until they are used in the proceeding or the court orders filing: (a) depositions, (b) interrogatories, (c) request for documents or to permit entry upon land, and (d) requests for admission. Fed.R.Civ.P. 5(d); MD LR 5.1. Furthermore, Local Rule 5.1 requires

that the party filing the discovery file with the Court a certificate indicating that the discovery document has been used in the proceedings. MD LR 5.1. Webster's defines "to use" as "to convert to one's service" or "to employ." Webster's New International Dictionary 2806 (2d ed. 1950). Black's Law Dictionary contains a similar definition: "to make use of; to convert to one's service; to employ; to avail oneself of; to utilize; to carry out a purpose or action by means of." Black's Law Dictionary 1541 (6th ed. 1990). Indeed, over 100 years ago we gave the word "use" the same gloss, indicating that it means "'to employ'" or "'to derive service from.'" *Astor v. Merritt*, 111 U.S. 202, 213, 28 L. Ed. 401, 4 S. Ct. 413 (1884).

Federal Rule 26(a)(2) states, in relevant part, the following:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The report prepared by Dr. Haney clearly falls within Fed.R.Civ.P. 26(a)(2). Thus, the Plaintiffs "must" not file same with the Court until such time as the report is used in the proceeding or with leave of the Court. At the status conference, Plaintiffs indicated that they wish to file Dr. Haney's report simply as an attachment to a Notice of Filing. Such a filing is not permitted by the Federal Rules or the Local Rules of this Court. Further, the Local Rules require

that the filing party file a certificate of need to file discovery, something Plaintiffs would be unable to do at this point in the proceedings. Inasmuch the report is not being used in connection with a dispositive motion, the only practical effect of the filing would be to publicly portray the Department of Corrections in a negative light.

Plaintiffs' request is not supported by either the Federal Rules or the Local Rules of this Court. Accordingly, Plaintiffs should not be permitted to file Dr. Haney's report until such time as it is "used" in the proceedings. [1]

Respectfully submitted, this the 13th day of June, 2017.

|  |  |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| KATHLEEN M. PACIOUS<br>Deputy Attorney General | 558555 |
| s/Susan E. Teaster<br>SUSAN E. TEASTER<br>Senior Assistant Attorney General | 701415 |
| /s/ Laura L. Lones<br>LAURA L. LONES<br>Assistant Attorney General | 456778 |
| /s/ Elizabeth M. Crowder<br>ELIZABETH M. CROWDER<br>Assistant Attorney General | 100809 |

---

[1] At the status conference Plaintiffs suggested that they may file the report along with their renewed Motion to Certify this action as a class action. Defendants object to such a use for the same reasons that they object to the gratuitous filing of the report. The term "used" contemplates that the document be necessary for the Court's adjudication of the merits of the document to which it is attached. Nothing contained in Dr. Haney's report is necessary for this Court to determine whether or not this proceeding should be certified as a class action.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed **DEFENDANTS' RESPONSE TO PLAINTIFFS' ORAL MOTION FOR PERMISSION TO FILE REDACTED EXPERT REPORT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Sarah Geraghty
Ryan Primerano
Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, Georgia 30303
Telephone:     (404) 688-1202
Facsimile:      (404) 688-9440 (fax)
sgeraghty@schr.org
rprimerano@schr.org

C. Allen Garrett, Jr.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NW Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6141
Facsimile: (404) 541-3211
agarrett@kilpatricktownsend.com

Tamara Serwer Caldas
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NW Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6006
Facsimile:  (404)541-4754
tcaldas@kilpatricktownsend.com

Chris William Haaf
1001 West Fourth Street
Winston-Salem, NC 27101
chaaf@kilpatricktownsend.com

James F. Bogan, III
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6467
Facsimile:  (404)541-3133
jbogan@kilpatricktownsend.com

This the 13th day of June, 2017.

s/Susan E. Teaster
Georgia Bar No. 701415
Senior Assistant Attorney General

Please Address All
Communications To:
Susan E. Teaster
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404) 463-8850
steaster@law.ga.gov