IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TIMOTHY GUMM, <br> ROBERT WATKINS, <br><br> Plaintiffs, <br><br> v. <br><br> BENJAMIN FORD, *et al.*, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 5:15-CV-41-MTT |

**PRELIMINARY APPROVAL ORDER**

The parties have reached a proposed class action Settlement Agreement resolving the claims for injunctive and declaratory relief in this case.  (Doc. 207, Ex. A.)  Pursuant to Federal Rule of Civil Procedure 23(e), the parties have jointly moved the Court to grant: (a) preliminary certification of the settlement class and appointment of Plaintiffs' counsel as class counsel; (b) preliminary approval of the settlement agreement; (c) approval of a process for giving notice to the class; (d) scheduling of a final fairness hearing; and (e) following the final fairness hearing, final certification of the settlement class, final approval of the settlement agreement, and adoption of the settlement agreement by incorporation as the order of the Court.  (Doc. 207.)

**BACKGROUND**

On February 12, 2015, Plaintiff Timothy Gumm brought this action under 42 U.S.C. § 1983 challenging conditions and practices at the Special Management Unit ("SMU") at Georgia Diagnostic & Classification Prison ("Georgia Diagnostic").  (Doc. 1.)  In October 2016, the Court appointed attorney Sarah Geraghty of the Southern Center for Human Rights to represent Plaintiff Gumm.  (Doc. 70.)  After the parties engaged in several months of discovery, Plaintiff

Gumm filed an amended complaint in March 2017 (Doc. 73), asserting claims for declaratory and injunctive relief on behalf of a putative class of all prisoners who are or will be held in the SMU. The class claims were brought under the Fourteenth Amendment's Due Process Clause and the Eighth Amendment's Cruel and Unusual Punishments Clause. The complaint alleged that confinement in the SMU created a substantial risk of serious harm to prisoners, and that prisoners were held in the SMU for years without meaningful procedural safeguards. The complaint sought classwide injunctive relief to remedy unconstitutional review procedures and conditions of confinement in the SMU. In May 2018, Gumm filed a further amended complaint naming SMU prisoners Robert Watkins and Johnny Mack Brown as additional plaintiffs and class representatives. (Doc. 140.) Plaintiff Watkins is presently assigned to the SMU. Plaintiff Brown was subsequently transferred to the Georgia Diagnostic STEP Unit and has been voluntarily dismissed from this action. (Doc. 202.)

The parties engaged in a lengthy discovery process. Plaintiffs obtained and reviewed many relevant records and took numerous depositions. Plaintiffs also retained psychologist Dr. Craig Haney to visit the SMU, tour the facility, interview prisoners, review records, and prepare an expert report.

The parties engaged in settlement discussions over the course of approximately 18 months. These discussions were initially unsuccessful; as the parties had not reached an agreement, Plaintiffs filed a motion for preliminary injunction in July 2018. (Doc. 154.) In October 2018, the parties again discussed the possibility of resolving the case on mutually agreeable terms and had a third settlement conference, as well as numerous telephonic and written communications concerning settlement. The negotiations were conducted at arm's length by parties and attorneys familiar with the evidence. In December 2018, the parties reached an

agreement to certify a settlement class and settle the claims raised in this case. (Doc. 207, Ex. A.) This agreement provides SMU prisoners four hours per day of out-of-cell time, improved conditions, guidelines for prisoners with mental illness, more robust procedural safeguards, and limits on who may be assigned to the SMU and the duration that they may be held there.

## DISCUSSION

### I.     CLASS CERTIFICATION UNDER RULE 23

The parties have jointly requested that the Court certify a settlement class under Federal Rule of Civil Procedure 23(a) and (b)(2), with the class defined as follows: "All persons who are or in the future will be assigned to the facility currently known as the Special Management Unit at Georgia Diagnostic & Classification Prison, or who are or in the future will be assigned to the Tier III Program."

#### A.     Rule 23(a)

Federal Rule of Civil Procedure 23(a) permits a case to be maintained as a class action if:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

The Court finds, based on the stipulations of the parties and its own independent review of the record, that the settlement class here meets the requirements of Rule 23(a). The numerosity requirement is met because the Tier III Program at the SMU houses over 100 inmates and will in the future house additional class members who are transferred to the SMU; joinder is therefore impracticable. (*See* Doc. 161-1 at 20-21.)

The commonality requirement is met because this case presents several dispositive questions of law and fact common to the class, including whether class members have a liberty interest in avoiding long-term confinement in the SMU, whether the procedures in place for reviewing class members' confinement in the SMU satisfy the requirements of the Due Process Clause of the Fourteenth Amendment, and whether conditions of confinement in the SMU violate the Eighth Amendment's prohibition on cruel and unusual punishment. (*See* Doc. 161-1 at 21-24.)

The typicality requirement is met because the legal claims of the class representatives are the same as those of other class members: they are or were confined in the same prison unit and subject to the same policies and practices regarding classification review and conditions of confinement. (*See* Doc. 161-1 at 25-26.)

Finally, the adequacy requirement is met because the class representatives have a strong interest in receiving meaningful classification review and avoiding harmful conditions of confinement for prisoners held in the SMU; there are no known conflicts of interest between the members of the proposed class; and Plaintiffs are currently represented by attorneys from the Southern Center for Human Rights (pursuant to the appointment of this Court) and from Kilpatrick, Townsend & Stockton, LLP, all of whom have experience litigating complex civil rights matters including prisoners' rights cases in federal court and have engaged in extensive discovery and pre-trial litigation in this case. (*See* Doc. 161-1 at 26-28.)

**B.     Rule 23(b)(2)**

Federal Rule of Civil Procedure 23(b)(2) permits a case to be certified as a class action if "the party opposing the class has acted or refused to act on grounds that apply generally to the

class, so that final injunctive relief or corresponding declaratory relief is appropriate to the class as a whole."

The Court finds, based on the stipulations of the parties and its own independent review of the record, that the settlement class here meets the requirements of Rule 23(b)(2), which routinely applies to civil rights cases. (*See* Doc. 161-1 at 28-29.) Here, all class members are subject to Defendants' policies and practices regarding classification review and conditions of confinement in the SMU. (*Id.*) Because these policies and practices apply generally to all class members, all class members will benefit from the relief afforded them by the settlement of this case.

### C. Rule 23(g)

The parties have requested that counsel for Plaintiffs be appointed class counsel pursuant to Federal Rule of Civil Procedure 23(g), given:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court finds, based on the stipulations of the parties and its own independent review of the record, that appointment of Plaintiffs' counsel as class counsel is appropriate. (*See* Doc. 161-1 at 27-28.)

## II. PRELIMINARY APPROVAL UNDER RULE 23

Under Rule 23(e), the claims of a proposed class "may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). To approve a class

settlement, the Court must find "that it is fair, reasonable, and adequate" in light of the adequacy of the representation of the class, the manner in which the settlement was negotiated, the adequacy of the relief provided to the class under the agreement, and the fairness of treatment of the class members relative to each other.  Fed. R. Civ. P. 23(e)(2) (effective Dec. 1, 2018). "Determining the fairness of the settlement is left to the sound discretion of the trial court." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

### A.   Adequate Representation of the Class, and Informed and Arm's-Length Negotiation

Rule 23 requires the Court to consider whether "the class representatives and class counsel have adequately represented the class," Fed. R. Civ. P. 23(e)(2)(A), and whether "the proposal was negotiated at arm's length," Fed. R. Civ. P. 23(e)(2)(B).  These requirements speak to "'procedural' concerns, looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement."  Fed. R. Civ. P. 23 Advisory Comm.'s Note, 2018 amend.  The focus should be "on the actual performance of counsel acting on behalf of the class," including whether class counsel "had an adequate information base" and whether negotiations "were conducted in a manner that would protect and further the class interests."  *Id.*; *see Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005) ("The stage of the proceedings at which a settlement is achieved is evaluated to ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation.").

Here, the Court finds, based on the stipulations of the parties and its own independent review of the record, that the parties' settlement agreement is the product of arm's-length, adversarial negotiations between experienced and knowledgeable counsel who have prosecuted and defended this litigation for over two years.  The agreement was approved by the class

representatives based solely on what they perceived to be in the best interest of themselves and the absent class members. The process by which the settlement agreement was reached was therefore fair to the class members and free of collusion between the parties. *See, e.g.*, *Poertner v. Gillette Co.*, 618 F. App'x 624, 630 (11th Cir. 2015) (affirming approval of classwide settlement agreement where "the parties settled only after engaging in extensive arms-length negotiations"). In addition, the parties negotiated relief for the class separately from attorney's fees and Plaintiff Gumm's damages claims, thereby reducing the risk of a conflict between the interests of the class members and those of Plaintiffs and counsel.

Before settling the case, the parties completed a discovery process involving nearly two years of reviewing voluminous records; interviewing dozens of prisoners; deposing 14 prison officials, an expert, and Plaintiff Gumm; viewing conditions in the SMU firsthand; and consulting with an expert. The parties are well informed about the conditions in the SMU and how they affect the class members. Therefore, the Court finds that Plaintiffs and their counsel were well positioned to negotiate effective relief and have adequately represented the class.

### B.  Fair and Adequate Relief

The Court finds, based on the stipulations of the parties and its own independent review of the record, that the settlement agreement provides adequate substantive relief for the class members and treats class members equitably. *See* Fed. R. Civ. P. 23(e)(2)(C)–(D). Factors that must be considered in determining the substantive adequacy of relief include:

> (i) the costs, risks, and delay of trial and appeal;
>
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C) (effective Dec. 1, 2018).  In addition to the factors enumerated above, decisions under previous versions of Rule 23 require courts to consider "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved."  *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011); *see also Nelson v. Mead Johnson & Johnson Co.,* 484 F. App'x 429, 434 (11th Cir. 2012).  The relevant factors are discussed below.

### 1. Likelihood of success at trial, and associated costs and delay

Plaintiffs claim that Defendants violated their rights under the United States Constitution by holding them in long-term solitary confinement without meaningful review.  Plaintiffs and their counsel continue to believe that these claims are meritorious and that Plaintiffs would prevail if the case were to proceed to trial.  *See, e.g.*, *Thomas v. Bryant*, 614 F.3d 1288, 1313 (11th Cir. 2010) (holding risk of psychological harm to prisoners may violate Eighth Amendment); *Sheley v. Dugger*, 833 F.2d 1429-30 (11th Cir. 1987) (same); *Hardwick v. Ault*, 447 F. Supp. 116, 125-27 (M.D. Ga. 1978) (same).

Defendants have raised many defenses to Plaintiffs' claims (*see* Doc. 150 at 1-3) and have denied liability.  Defendants' factual and legal defenses have not been tested.  The parties agree that there is uncertainty about how the merits of Plaintiffs' claims would ultimately be resolved if the case proceeded to a trial on the merits.

A trial on the merits would entail substantial litigation costs and delay in the resolution of this case.  Before a trial could occur, the parties and the Court would need to conduct an

8

evidentiary hearing on Plaintiffs' motion for preliminary injunction, address any motions for summary judgment submitted by Plaintiffs and Defendants, and litigate numerous pretrial matters including scheduling, sealing and unsealing of evidence, transportation for prisoner witnesses and parties to the trial, evidentiary matters, and stipulations.  The cost of further litigation would be considerable in terms of time and funds expended.

The Court finds, based on the stipulations of the parties and its own independent review of the record, that this factor weighs in favor of a finding that the relief provided in the Settlement Agreement is fair and adequate to class members.

### 2. Range of possible recovery

"In determining whether a settlement is fair and reasonable, the court must also examine the range of possible damages that plaintiffs could recover at trial and combine this with an analysis of plaintiffs' likely success at trial to determine if the settlements fall within the range of fair recoveries." *Columbus Drywall & Insulation Inc. v. Masco Corp.,* 258 F.R.D. 545, 559 (N.D. Ga. 2007).  Here, if Plaintiffs established Defendants' liability at trial, Defendants would be required to change the conditions of confinement in the SMU to conform to the Eighth and Fourteenth Amendments.  *See Brown v. Plata*, 563 U.S. 493, 510-11 (2011).  In addition, the Prison Litigation Reform Act (PLRA) requires that relief be no more restrictive "than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."  18 U.S.C. § 3626(a)(1)(A).

The parties' settlement agreement represents the parties' negotiated compromise between Plaintiffs' goal of remedying alleged unconstitutional conditions of confinement and Defendants' goal of avoiding undue intrusion into prison operations.  The parties agree and the Court finds that the prospective relief in the settlement satisfies the requirements of 18 U.S.C. §

9

3626(a)(1)(A) in that the relief is narrowly drawn, extends no further than necessary to correct the alleged violations of the federal rights of the Plaintiffs asserted in the Third Amended Complaint, and is the least intrusive means necessary to correct the violations of federal rights. In light of the PLRA's requirements, the settlement agreement likely provides prospective relief similar to what the class would receive after trial, but without the attendant delay, expense, and risk of further litigation.

The terms of the settlement agreement compare favorably with settlements approved in other solitary confinement cases. Among other things, the settlement agreement requires that prisoners be transferred from the SMU after 24 months unless they meet certain criteria, provides for four hours per day of out-of-cell time, offers increased programming, provides increased procedural protections, and establishes guidelines for prisoners with mental illness. (Ex. A.) In other solitary confinement cases, the agreed upon relief has been similar. *See, e.g.*, Settlement Agreement ¶¶ 19, 21, 32 & Attach. A & B, *Ashker v. Governor*, No. 4:09-CV-5796 (N.D. Cal. Aug. 31, 2015) (modifying solitary confinement program to mandate 5-year cap on assignment, improved programming, 10 hours of yard per week, and up to 4 hours of group programs per week).

Given the uncertainties discussed in the preceding section, the proposed settlement is fair and well within the range of possible recovery at trial. *See Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1218 (11th Cir. 2012) ("If [defendant] prevails at trial, the class will be left with no remedy at all.").

The Court finds, based on the stipulations of the parties and its own independent review of the record, that this factor weighs in favor of a finding that the relief provided in the Settlement Agreement is fair and adequate to class members.

### 3.     Complexity, expense, and duration of litigation

As noted above, litigating this case would be expensive and time consuming.  Further litigation of this case would involve extensive adversarial proceedings and would require a substantial amount of time and effort by the parties as well as the Court.  *Cf. Melanie K. v. Horton*, No. 1:14-CV-710-WSD, 2015 WL 1799808, at *3 (N.D. Ga. Apr. 15, 2015) (granting preliminary approval of settlement partly because "the Parties w[ould] be highly motivated to aggressively litigate this case if a settlement was not approved").  The discovery in this case was extensive and a trial on the merits would entail presentation of a large volume of records.  A trial would also include testimony from an expert based in California and a large number of prisoners who would need to be transported from multiple facilities across Georgia.  Moreover, the delay entailed by further proceedings will harm prisoners currently held in the SMU.  (*See, e.g.*, Doc. 142; Doc. 154-1 at 5-7.)  Approval of the agreement will avoid the need for and expense of litigating similar claims in the future.

The Court finds, based on the stipulations of the parties and its own independent review of the record, that this factor weighs in favor of a finding that the relief provided in the Settlement Agreement is fair and adequate to class members.

### 4.     Anticipated opposition to settlement

"In determining whether to certify a settlement class, a court must also examine the degree of opposition to the settlement." *Columbus Drywall,* 258 F.R.D. at 560.  Where "no notice has been provided to the class members, the Court cannot assess whether there are any objectors." *Id.*  For that reason, the Court will address this issue after the notices have been sent to and responses received from the members of the Class. *See id.*

11

### 5.     Effectiveness of proposed method of distributing relief

Because the settlement agreement will apply to all Tier III inmates, the "method of distributing relief to the class" will effectively benefit every member of the class.

The Court finds, based on the stipulations of the parties and its own independent review of the record, that this factor weighs in favor of a finding that the relief provided in the Settlement Agreement is fair and adequate to class members.

### 6.     Terms of attorney's fees award

Rule 23 requires a district court to assess "the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). There are no "rigid limits" on attorney's fees but "the relief actually delivered to the class can be a significant factor in determining the appropriate fee award." Fed. R. Civ. P. 23 Advisory Comm.'s Note, 2018 amend.

Here, the parties have agreed that counsel for the parties will confer in the 45 days following the Court's Order preliminarily approving the settlement agreement in an effort to reach an agreement regarding the amount of the fee award. If the parties reach a resolution with respect to fees, Plaintiffs will submit an unopposed fee petition by no later than 15 days in advance of the fairness hearing in accordance with Federal Rule of Civil Procedure 23(h). In the event the parties are unable to resolve by agreement issues relating to Plaintiffs' claim for attorney fees, Plaintiffs may petition the Court by no later than 15 days in advance of the fairness hearing for a resolution thereof. Defendants' opposition shall in any event be limited to their disagreement regarding the appropriate amount of fees.

The settlement agreement in this case provides substantial relief to the class members, and Plaintiffs are entitled to attorney's fees and costs under 42 U.S.C. § 1988 and other

12

applicable laws. Because the parties have not yet determined the terms of a proposed award of attorney's fees, the Court will address attorney's fees at the final fairness hearing.

### 7. Agreements made in connection with the proposed settlement

Rule 23 requires the parties to file with the Court "a statement identifying any agreement made in connection with" a proposed class settlement. Fed. R. Civ. P. 23(e)(3). Here, the only agreement made in connection with the proposed settlement is the agreement attached hereto as Exhibit A. After reaching that agreement, the parties reached a further agreement that Plaintiffs Gumm and Watkins would receive incentive awards for their service as class representatives in an amount to be determined and reported to the court before the provision of class notice. Plaintiffs' counsel are separately negotiating an individual monetary settlement for Plaintiff Gumm.

The Court notes that the Plaintiffs' incentive awards and individual damages settlement were negotiated after final agreement was reached on the terms of class-wide injunctive and declaratory relief. As a result, the Court finds, based on the stipulations of the parties and its own independent review of the record, that these additional agreements in no way compromise the fairness or adequacy of the Settlement Agreement.

### C. Equitable Treatment of Class Members Relative to Each Other

The revision to Federal Rule of Civil Procedure 23(e)(2)(D) effective December 1, 2018, requires the Court to find that a proposed settlement "treats class members equitably relative to each other." This is an injunctive-relief-only class action settlement which provides for changes

to policies and practices in the SMU. The provisions of the class action settlement apply equally to all class members housed in the SMU.[1]

The Court finds that the Settlement Agreement treats class members equitably relative to each other.

### D.     18 U.S.C. § 3626

Prospective relief in this case must meet the requirements of 18 U.S.C. § 3626.  The parties have expressly stipulated, and the Court finds based upon that stipulation and upon its own independent review, that the terms of the settlement agreement satisfy the need-narrowness-intrusiveness and public-safety / criminal-justice-impact requirements of the Prison Litigation Reform Act codified at 18 U.S.C. § 3626(a)(1)(A).[2]  The parties have expressly stipulated, and the Court finds based upon that stipulation and upon its own independent review, that the terms of the settlement agreement do not "require[] or permit[] a government official to exceed his or her authority under State or local law" within the meaning of 18 U.S.C.

---

[1] The parties have further represented that the individual damages claims of Mr. Gumm, one of the named plaintiffs, were settled separately from and after agreement was reached on the class-wide non-monetary relief, and that settlement of his claims did not materially affect negotiations regarding resolution of the class claims.

[2] 18 U.S.C. § 3626(a)(1)(A) provides as follows: "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."  Although the Prison Litigation Reform Act generally requires courts to "engage in a specific, provision-by-provision examination of [prospective relief], measuring each requirement against the statutory criteria," *Cason v. Seckinger*, 231 F.3d 777, 785 (11th Cir. 2000), "[t]he parties are free," as they have here, "to make any concessions or enter into any stipulations they deem appropriate," and the court need not "conduct an evidentiary hearing about or enter particularized findings concerning any facts or factors about which there is not dispute," *id.* at 785 n.8.

§ 3626(a)(1)(B), and do not constitute a "prisoner release order" within the meaning of 18 U.S.C. § 3626(a)(3). The parties have also expressly stipulated, and the Court finds based upon that stipulation and upon its own independent review, that the Prison Litigation Reform Act's termination provision, 18 U.S.C. § 3626(b)(1)(A) (providing that prospective relief "shall be terminable upon the motion of any party or intervener . . . 2 years after the date the court granted or approved the prospective relief . . . "), is subject to waiver and has been waived by Defendants. *See Dunn v. Dunn*, 318 F.R.D. 652, 682 (M.D. Ala. 2016); *Depriest v. Walnut Grove Corr. Auth.*, 2015 WL 3795020, at *6 (S.D. Miss. June 10, 2015).

### III. NOTICE TO CLASS MEMBERS AND OPPORTUNITY TO OBJECT OR COMMENT ON SETTLEMENT AGREEMENT

Finally, the Court finds that the proposed notice to the class and process for notifying the class and receiving objections to or comments on the Settlement Agreement meet the requirements of Federal Rule of Civil Procedure 23(c)(2) and 23(e)(1). The notice and a copy of the settlement agreement will be delivered personally to each inmate currently incarcerated in the SMU, who will be asked to sign an acknowledgement of receipt. The notice will also be translated into Spanish and made available upon request. Assistance in reading or writing will be provided to inmates who request it. Staff working within the SMU will be notified that all inmates have the right to object to the proposed settlement agreement. Retaliation against or interference with an inmate's right to file an objection to the proposed settlement agreement is strictly prohibited.

Objections or comments will be received by mail by the Clerk of Court and filed on the docket, and the parties will file pre-hearing briefs reviewing and addressing them.

* * *

It is therefore ORDERED that the joint motion for preliminary approval (Doc. 207) is granted as follows:

1. An injunctive and declaratory-relief settlement class, defined as "all persons who are or in the future will be assigned to the facility currently known as the Special Management Unit at Georgia Diagnostic & Classification Prison, or who are or in the future will be assigned to the Tier III Program," is preliminarily certified under Federal Rules of Civil Procedure 23(a) and (b)(2).

2. The Southern Center for Human Rights and Kilpatrick Townsend & Stockton are appointed as class counsel to represent the settlement class under Federal Rule of Civil Procedure 23(g).

3. The proposed Settlement Agreement (Doc. 207, Ex. A) is preliminarily approved under Federal Rule of Civil Procedure 23(e), with final approval subject to a fairness hearing and review by the Court of any objections to or comments about its terms submitted by class members.

4. Defendants are to provide notice of the proposed Settlement Agreement as further outlined below:

    a. The attached notice form (Doc. 207, Ex. B) is approved by the Court under Rule 23(e), with the following additions: the postmark-by date shall be March 22, 2019. This form is to be translated into Spanish at Defendants' expense.

    b. By no later than February 18, 2019, the notice form (or, upon request, the translated form) is to be hand-delivered, along with a copy of the Settlement Agreement, to each inmate currently assigned to the Tier III Program. Each inmate will be asked to

16

sign a form to be created by Defendants acknowledging receipt of the notice and Settlement Agreement. If an inmate refuses to acknowledge receipt, the person who has hand-delivered the notice and Settlement Agreement to him is to indicate on the form the date and time delivery occurred and that the inmate refused to acknowledge receipt, and print and sign his or her own name.

    c.    If an inmate is for any reason unable to read the notice and/or Settlement Agreement or to write objections or comments for submission and requests assistance in doing the same, Defendants are to promptly accommodate that request.

    d.    All staff working in the SMU shall be notified that the class notice process is ongoing, that inmates may submit objections or comments as set forth in the notice provision, and that staff members may not discourage inmates from filing objections or comments, or otherwise interfere with the notice process.

    e.    By no later than March 1, 2019, Defendants are to file with the Court completed acknowledgement forms for every inmate then housed in the SMU.

    f.    By no later than March 29, 2019, the Clerk of Court shall compile all objections or comments received and file them on the docket.

    g.    By no later than April 12, 2019, the parties are to file pre-hearing briefs or a joint pre-hearing brief, both summarizing by topic and responding to any objections to and comments about the proposed Settlement Agreement that have been submitted by class members.

5.	A fairness hearing is set for 10:00 a.m. on April 30, 2019, at the following address:  William A. Bootle Federal Building and U.S. Courthouse, 475 Mulberry Street, Courtroom A, Macon, GA  31201.  At this hearing, counsel for both parties shall be prepared to respond to any objections raised and comments made by class members.

DONE, this the 17th day of January, 2019.

s/Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
