**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TIMOTHY GUMM,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:15-cv-41 (MTT)** |
| | ) | |
| **BENJAMIN FORD,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff Timothy Gumm brought this action under 42 U.S.C. § 1983 to challenge

unconstitutional conditions and practices in the defendants' Tier III Program at the

Special Management Unit located within the Georgia Diagnostic and Classification

Prison.  Doc. 1.  After extensive discovery and briefing on the plaintiffs' motions for

class certification and preliminary injunctive relief, the parties reached an agreement in

December 2018 to certify a settlement class and settle the declaratory and injunctive

relief claims raised in the case.  Doc. 207.  The Court issued its Final Order and

Permanent Injunction on May 7, 2019, that certified a settlement class, granted final

approval of the Settlement Agreement, and adopted the Settlement Agreement as the

Order of the Court.  Doc. 256.

On January 28, 2022, the plaintiffs moved the Court for an order that directs the

defendants to show cause why they should not be held in contempt for violating the

terms of the Settlement Agreement.  Doc. 308.  In that motion, the plaintiffs contend

"[d]efendants are violating nearly every substantive provision of the Settlement

Agreement, and this Court has the power to enforce its order through civil contempt."

*Id.* at 1.  A motion hearing was held on April 26, 2022, in which the defendants

conceded certain provisions of the Settlement Agreement were not being met.  Doc.

342.  Given that concession, the Court ordered the defendants to perform an audit to

determine the extent to which the requirements of the Settlement Agreement have been

met and further ordered the Settlement Agreement extended by 60 days to give the

parties sufficient time to receive and review the audit results.  Docs. 342 at 2; 343 at 2.

With that audit now received (Doc. 352), the Court is satisfied the plaintiffs have

"state[d] a case of non-compliance" and sufficient grounds exist for an order to show

cause.  *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000)

The plaintiffs' motion for an order to show cause (Doc. 308) is **GRANTED**.

Accordingly, the defendants are hereby **ORDERED TO SHOW CAUSE** at the hearing

set for June 22, 2022, at 9:30 AM why they should not be held in contempt of the

Court's May 7, 2019 Order and Permanent Injunction adopting the terms of the Parties'

Settlement Agreement.  Docs. 256; 256-1.  The plaintiffs are **ORDERED** to file their

assessment of the defendants' audit by June 17, 2022.[1]

**SO ORDERED**, this 7th day of June, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Given the above, the plaintiffs' motion for reconsideration (Doc. 305) of the Court's Order (Doc. 304) that directed the parties to confer regarding the alleged violations of the Settlement Agreement is **DENIED** as moot.

-2-