IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICARDO DAUGHTRY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-cv-41 (MTT) |
| | ) |
| SHAWN EMMONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

On April 19, 2024, the Court found the defendants in contempt of its May 7, 2019 Final Order and Permanent Injunction, which adopted the parties' Settlement Agreement and sought to remedy unconstitutional conditions in the Georgia Department of Corrections' ("GDC") Special Management Unit ("SMU").  Doc. 485.  As part of its ruling, the Court awarded the plaintiffs reasonable attorney fees and expenses and directed plaintiffs' counsel to file a motion for attorney fees with supporting documentation.  *Id.* at 100.  The plaintiffs filed an initial Motion for Attorney Fees on May 6, 2024, followed by a Supplemental Motion for Attorney Fees on August 12, 2024.  Docs. 478; 548.  They seek to recover fees and costs incurred from May 7, 2022 through July 19, 2024, arguing market rates, rather than the lower rates set forth in Paragraph 73 of the Settlement Agreement, should apply to "contempt-related" fees. Docs. 487; 548 at 8; 570 at 9.  For the following reasons, the plaintiffs' motions (Docs. 478; 548) are **GRANTED** in part and **DENIED** in part.

1

## I. BACKGROUND

The plaintiffs move to recover fees and costs incurred from May 7, 2022 to July 19, 2024, while monitoring and enforcing compliance with the Court's Final Order and Permanent Injunction, which adopted the parties' Settlement Agreement.  Docs. 485-1; 487; 548 at 8.  Paragraph 73 of the Settlement Agreement provides that the plaintiffs' attorney fees shall be reimbursed at a rate of $200 per hour for attorney work and $75 per hour for paralegal work with a waiver for the first 200 hours each calendar year reasonably expended by counsel or their paralegals.[1]  Doc. 485-1 ¶ 73.  The plaintiffs argued market rates of roughly $450 per hour for attorneys and $200 per hour for paralegals, rather than the lower Settlement agreement rates should apply to all fees, due to the contempt finding.  Docs. 487 at 16; 505 at 7.

On July 15, 2024, the Court informed the parties of its interpretation that the Settlement Agreement rates apply to all fees and deferred its final ruling to allow the plaintiffs to supplement their motion with a request for fees incurred from April 20, 2024 to July 19 2024.  Doc. 535 at 43:9-13.  The plaintiffs have since provided alternative calculations using the Settlement Agreement rates, although they continue to maintain

---

[1] Paragraph 73 provides that:

> The Parties agree that Defendants shall reimburse Plaintiffs for attorneys' fees at a rate of $200 per hour for attorney work and $75 per hour for paralegal work performed following the Court's final approval and adoption of this Agreement, in monitoring compliance with *and, if necessary, enforcing it.*  The Parties agree that Plaintiffs shall waive any request for reimbursement of fees for the first 200 hours reasonably expended by counsel or their paralegals during each calendar year.  Such fees shall be payable within 30 days of receipt by Defendants of invoices containing proper accounting of hours expended and tasks performed, unless … Defendants petition this Court for relief based upon a showing that some portion of the hours billed were not reasonably expended.

Doc. 485-1 ¶ 73 (emphasis added).

that market rates should apply to "contempt-related" fees.[2]  Docs. 548 at 8; 570 at 9. The plaintiffs have also submitted documentation showing that they have incurred $42,381.08 in costs and expended 4,564.8 total hours,[3] comprised of 3,382 attorney hours and 1,174 paralegal hours, which they have agreed to reduce by 100 hours for attorneys and 300 hours for paralegals.  Docs. 487-1; 548-1; 570 at 3.  The plaintiffs request a total award of $764,121.66 using Settlement Agreement rates, with $628,190.30 for the period from May 7, 2022 to April 19, 2024, and $135,931.28 for the period from April 20, 2024 to July 19, 2024.  Doc. 570 at 9.

The defendants object to the total hours claimed by the plaintiffs citing an alleged lack of billing judgment and inefficiencies such as excessive internal meetings, block billing, and overstaffing.  Docs. 520 at 4, 18-24; 559 at 7-14.  First, the defendants argue that fees should be reduced by 400 attorney hours resulting in a deduction of $80,000 under the Settlement Agreement.  Doc. 559 at 7.  Second, the defendants request a 20% reduction in hours for work performed prior to the Court's entry of the Contempt Order and a 50% reduction in hours for work performed after the Court's entry of the Contempt Order resulting in a total award of $534,160.33.  *Id.* at 6-9.  The plaintiffs oppose this request and argue they have provided detailed documentation to

---

[2] The plaintiffs divide their fee request into three periods and propose different methods for calculating their hourly rates for each period.  Doc. 548 at 8.  First, for the period of May 7, 2022 to April 28, 2023: the plaintiffs agree that fees should be awarded at the Settlement Agreement rates of $200 per hour for attorneys and $75 per hour for paralegals.  *Id.*  Second, for the period of April 29, 2023 to April 19, 2024, the plaintiffs argue fees should be awarded at market rates due to the contempt findings.  *Id.* at 3-4. Finally, for the period of April 20, 2024 to July 19, 2024, the plaintiffs argue some fees "should be awarded at market rates … with other fees for that time calculated at the Settlement Agreement rates" depending on whether the work was "contempt-related."  *Id.* at 6.

[3] The Court has independently calculated the number of hours claimed by the plaintiffs and corrected mathematical errors based upon the materials submitted in support of their motions for attorney fees. Docs. 478-1; 505-1; 548-1; 570-1.

support their hours. Docs. 487-1; 548-1; 570 at 7-8.  Plaintiffs' counsel has also agreed to implement "task billing" going forward to minimize future fee disputes.[4]  Doc.  570 at 7-9.

## II. STANDARD

The Court applies the lodestar method to calculate a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Id.* at 437.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id*. at 433.  "The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve."  *Bivins v. Wrap It Up, Inc*., 548 F.3d 1348, 1350 (11th Cir. 2008) (citation and internal quotation marks omitted).  Still, after calculating the lodestar fee, the Court determines whether any portion of this fee should be adjusted upwards or downwards based upon the results obtained.  *Hensley,* 461 U.S. at 434.

"Courts are considered experts on the reasonableness of the number of hours expended and the hourly rates requested.  Indeed, a district court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Caplan v.*

---

[4] "Plaintiffs … request guidance from the Court as to whether all timekeepers on [their] team should systematically implement 'task billing' going forward."  Doc. 570 at 9.  Because plaintiffs' counsel has agreed to implement task billing going forward, it is unnecessary for the Court to address this request.

4

*All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090 (11th Cir. 2022) (internal quotation marks and citations omitted).

### III. DISCUSSION

### A. Entitlement to Fees and Costs

It is undisputed that the plaintiffs are entitled to attorney fees pursuant to this Court's Revised Contempt Order.  Doc. 485.  Specifically, on April 19, 2024, the Court found the defendants in contempt and awarded the plaintiffs reasonable attorney fees and costs incurred monitoring and enforcing compliance with the Court's May 7, 2019 Final Order and Permanent Injunction.  *Id.* at 100.

### B. Applicable Hourly Rate

The Settlement Agreement controls the meaning of "reasonable attorney fees" in this case.  Doc. 485-1 ¶ 73.  Although the plaintiffs argue that market rates of roughly $450 per hour for attorneys and $200 per hour for paralegals should apply to "contempt-related" fees, rather than the lower rates set forth in Paragraph 73 of the Settlement Agreement,[5] the Court has already informed the parties of its interpretation that the Settlement Agreement rates apply to all fees.  Docs. 487 at 16; 505 at 7; 535 at 43:9-13.  Paragraph 73 unambiguously provides that attorney fees shall be reimbursed at $200 per hour for attorney work and $75 per hour for paralegal work, with a waiver for the first 200-hours each calendar year reasonably expended by plaintiffs' counsel or their paralegals.  Doc. 485-1 ¶ 73.  This paragraph was negotiated by the parties, and the plaintiffs have since provided alternative calculations using these rates.  Docs. 548 at 8;

---

[5] Specifically, the plaintiffs argue that different rates should apply to different time periods and activities, such as "contempt-related" work versus "monitoring and enforcement" work because attorney fees were awarded as a sanction for contempt.  Doc. 548 at 6-8.

5

570 at 9. Because Paragraph 73 expressly states that the terms apply to fees incurred during enforcement, i.e., contempt proceedings, the Court will apply the Settlement Agreement rates. Doc. 485-1 ¶ 73.

To the extent the plaintiffs seek to recover attorney fees based on rates other than those contained in Paragraph 73 of the Settlement Agreement, their motions (Docs. 487; 548) are **DENIED.**

### C. Reasonableness of Hours

For the following reasons, the Court finds counsel reasonably expended 4,083.2 hours litigating this case from May 7, 2022 to July 19, 2024.

To determine a reasonable attorney fee, courts must assess both the necessity and efficiency of the hours expended. *Hensley*, 461 U.S. at 434. While the lodestar method provides a starting point for the calculation, it is well-settled that courts must exclude from the lodestar any hours that are excessive, redundant, or otherwise unnecessary to the litigation effort. *Id*. The guiding principle is that the hours claimed should reflect the time that would have been reasonably spent by competent counsel on a similar matter, and courts, drawing on their own experience, have broad discretion to make necessary adjustments. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301-03 (11th Cir. 1988). Finally, given the Court's own experience and time expended on this case, this Court is uniquely qualified to determine the reasonableness of the hours claimed.

   1. *Pre-Contempt Order (May 7, 2022 to April 19, 2024)*

For the period of May 7, 2022 to April 19, 2024, the plaintiffs seek payment for 2,758.1 attorney hours and 1,069.7 paralegal hours, which they have agreed to reduce

6

by 100 attorney hours and 300 paralegal hours.  Docs. 478-1 at 4, 7, 34, 56, 59, 94, 130-31, 135, 157, 170, 177; 570 at 3.  The defendants argue that fees should be reduced by 400 attorney hours and request a further 20% reduction due to an alleged lack of billing judgment, overstaffing, excessive internal meetings and email correspondence, and block billing.  Docs. 520 at 19-20; 559 at 6-8.  The Court disagrees and finds that the number of hours claimed are reasonable.

First, Paragraph 73 requires the plaintiffs to waive reimbursement for the first 200 hours reasonably expended each calendar year, regardless of whether it was performed by attorneys or paralegals.  Doc. 485-1 ¶ 73.  Thus, the Court finds that the plaintiffs' agreement to reduce their fees by 100 attorney hours and 300 paralegal hours complies with the Settlement Agreement.  This results in 2,658.1 total hours for attorneys and 769.7 total hours for paralegals.

Second, "a fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation."  *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 429, 432 (11th Cir. 1999).  Based on the Court's review, counsel's timesheets show that the plaintiffs have carried this burden—the entries are distinct from one another, and where there is overlap, the Court finds that the overlap is customary.  Doc. 478-1.  The plaintiffs have also submitted evidence that they excluded hours that appeared redundant or inefficient, reduced their time when more than two team members attended depositions, and cut additional hours incurred by specific attorneys.  Doc. 505-2 ¶¶ 3-5, 6 ("Plaintiffs' counsel reduced their total amount of billable time by at least 263.2 hours, amounting to

$72,912.50 in fees."). The plaintiffs further claim that they limit the number of attorneys who attend various proceedings, typically to between 4-6 members of the 13-member legal team.[6] Doc. 532 at 9. Thus, the Court finds that the plaintiffs have demonstrated reasonable billing judgment by voluntarily reducing their hours and limiting the number of attorneys who participate in various proceedings.

Third, the defendants challenge roughly 400 hours claimed by the plaintiffs for strategy sessions and team meetings arguing the hours are excessive and unnecessary. Docs. 520 at 19-20; 520-1. However, contrary to the defendants' claims, the Court finds that the plaintiffs reasonably allocated time to coordination and planning to ensure effective prosecution of the contempt motion. Given the Court's own experience and time spent on the case, the Court concludes that these entries highlight the extensive efforts the plaintiffs have undertaken to monitor, enforce, and litigate compliance with the Court's Final Order and Permanent Injunction. Doc. 520-1. They also demonstrate the complexity and persistence required to address the defendants' systemic non-compliance. Thus, the hours billed for strategy sessions and team meetings during this period are justified given the multi-year litigation, enforcement efforts, and complex legal and factual issues in this case

Finally, while grouping multiple tasks under a single entry can obscure the time spent on individual tasks, it is not per se improper. *See Gulf Bldg. LLC v. Philadelphia Indem. Ins. Co.*, 2024 WL 309026, at *8 (S.D. Fla. Jan. 8, 2024) ("[S]imply because 'an attorney has included more than one task in a single billing entry is not, in itself, evidence of [impermissible] block-billing.'") (alteration in original) *adopted sub nom*.,

---

[6] The Court has expressed concern with "lawyering by committee," but those concerns did not relate to overstaffing.

2024 WL 307623 (S.D. Fla. Jan. 26, 2024). Based on the Court's review, the plaintiffs' billing entries are sufficiently detailed, even when multiple tasks are grouped under a single entry, because they describe related activities (e.g., hearings, monitoring meetings). Thus, the tasks that are grouped together are sufficiently related, such as preparation for hearings or meetings, and the total time billed aligns with the work performed.

In sum, the Court concludes that the plaintiffs' claimed hours are reasonable given the nature and complexity of the case. The plaintiffs have provided sufficient documentation to justify their timekeeping practices, and any alleged block billing was not used in a way that obscures the record. The Court also finds that the 400 hours spent on strategy sessions and team meetings were reasonable for effective case management and enforcement of the injunction. Thus, the defendants' request to apply a blanket 20% reduction in claimed hours to this period is **DENIED**, and the Court finds that the requested 3,427.8 total hours (i.e., 2,658.1 attorney hours and 769.7 paralegal hours) are reasonable, not excessive.

   2. *Post-Contempt Order (April 20, 2024 to July 19, 2024)*

For the period of April 20, 2024 to July 19, 2024, the plaintiffs seek payment for 104.3 paralegal hours and 623.9 attorney hours. Docs. 548-1; 570 at 1, 3. The defendants request a 50% reduction, asserting that the claimed hours are unreasonable given the nature of the post-contempt work and emphasizing that more than half of the hours (380+ hours) were spent on (1) litigating the initial motion for attorney fees (150.9 hours); (2) internal phone calls and meetings (80+ hours), and (3) sending and receiving

9

emails (150+ hours).[7]  Doc. 559 at 9.  In response, the plaintiffs argue that the defendants significantly overstate the hours attributed to specific tasks by including the entirety of any time entry that references the initial fee motion, conferences, or email correspondence.  Doc. 570 at 5-6.  The plaintiffs argue that this methodology results in double-counting and grossly overstates the time spent on individual tasks.  *Id.*

The Court acknowledges that some reduction is warranted—especially as it relates to the initial fee motion—but finds the defendants' request for a 50% reduction excessive.  First, the number of hours claimed for the three-month period following the Court's entry of its Contempt Order is disproportionately high compared to the hours claimed for the 23.5-month period prior to the Contempt Order.   Second, given numerous discrepancies with calculations provided by the plaintiffs, the Court finds that the hours attributable to the initial fee motion are unreasonable.[8]  *Compare*, *e.g.*, Doc. 532 at 5-6 *with* 478-1 at 4, 34, 59, 170.  But because of how the plaintiffs have chosen to bill their time, listing multiple tasks under a single entry, it is not clear exactly how many hours were spent on the initial fee motion or other tasks.

---

[7] The defendants also dispute 50.6 hours initially claimed for Southern Center for Human Rights ("SCHR") attorney Ben Mordechai-Strongin due to the absence of records supporting this time.  Doc. 559 at 10.  The plaintiffs have since filed a declaration with supporting documentation to address this issue.  Doc. 570-1.

[8] For example, the plaintiffs' request of $135,931.28 for fees incurred after April 19, 2024, has increased from their initial request of $135,860.78 without explanation.  *Compare* Doc. 548 at 4, 8 *with* Doc. 570 at 9.  There are also discrepancies related to costs incurred by SCHR during this period.  The plaintiffs' brief claims that SCHR incurred costs of $2,518.06, but the chart in their brief shows SCHR incurred costs of $2,447.57.  Doc. 548 at 7.  The materials filed in support of their motion show that SCHR incurred only $2,447.57 in costs during this period.  Doc. 548-1 at 78 ¶ 14, 91.

Additionally, the plaintiffs' calculations for fees incurred by several individuals during the period of May 7, 2022 to April 19, 2024 conflict not only with the representations made in their initial brief but also the affidavits filed by these individuals.  *Compare* Doc. 532 at 5-6 *with* 478-1 at 4, 34, 59, 170.  For one of these individuals, the affidavit filed with the plaintiffs' second motion conflicts with the affidavit previously submitted with the first motion.  *Compare* Doc. 478-1 at 4 (58.6 hours) *with* Doc. 548-1 at 4 (12.2 hours + 46.6 hours = 58.8 hours).  The plaintiffs make no attempt to explain these discrepancies.

Thus, to account for possible inefficiencies and/or block billing, as it relates to this period, the Court applies a 10% reduction to the total hours.  The total adjusted hours are as follows:

- Attorney Hours: 623.9 - (10% of 623.9) = 561.5
- Paralegal Hours: 104.3 - (10% of 104.3) = 93.9

**D. Total Award Amount**

The Court, having reviewed both motions for attorney fees and the plaintiffs' supporting documentation determines that the appropriate lodestar calculations are as follows.

First, for the period of May 7, 2022 to April 19, 2024, the Court finds that 2,658.1 attorney hours and 769.7 paralegal hours were reasonably expended.  Based upon the applicable hourly rates of $200 per hour for attorney work and $75 per hour for paralegal work, the total fee award for this period amounts to $589,347.50.

Second, for the period of April 20, 2024 to July 19, 2024, attorney hours are reduced from 623.9 to 561.5, and paralegal hours are reduced from 104.3 to 93.9. Based upon the applicable hourly rates of $200 per hour for attorney work and $75 per hour for paralegal work, the total fee award for this period is $119,342.50.

The combined total for both periods results in a lodestar amount of $708,690.00. Additionally, the Court further finds that the requested costs in the amount of $42,381.08 are reasonable and properly supported.  Docs. 487-1 at 7 ¶ 8, 9, 136 ¶ 9, 153; 548-1 at 6 ¶ 9, 78 ¶ 14, 91.  In sum, the total award for attorney fees and costs is $751,071.08.  This award reflects the appropriate compensation for the hours reasonably expended and the applicable hourly rates for both attorneys and paralegals.

## IV. CONCLUSION

For the foregoing reasons, the plaintiffs' initial and supplemental motions for attorney fees are **GRANTED** in part and **DENIED** in part.  Docs. 487; 548.  Based upon the hourly rates and limitations set forth in Paragraph 73 of the Settlement Agreement, the plaintiffs are awarded $751,071.08 in fees and costs incurred from May 7, 2022 to July 19, 2024.

**SO ORDERED**, this 31st day of October, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
