IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICARDO DAUGHTRY,[1] *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-cv-41 (MTT) |
| | ) |
| SHAWN EMMONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This class action ended May 22, 2025, five months and ten days after its tenth birthday, when the Court ruled that the defendants, Georgia Department of Corrections ("GDC") officials sued in their official capacity, had substantially complied with the Court's Final Order and Permanent Injunction, entered pursuant to the parties' settlement agreement, requiring the defendants to remediate unconstitutional conditions of confinement at GDC's Special Management Unit ("SMU"). Based on that finding, the Court further found that the defendants had purged themselves of their contemptuous misconduct. In the parties' settlement agreement, the defendants also agreed to pay the plaintiffs' attorneys' fees and expenses. The plaintiffs have submitted their final bills, and the defendants have lodged objections to specific requests. This Order resolves those objections and awards fees and expenses.

The plaintiffs seek $592,858.63 in attorney fees and expenses incurred between July 20, 2024, and May 31, 2025, for monitoring and enforcing compliance with the

---

[1] On June 12, 2024, the plaintiffs informed the Court that "Mr. Daughtry had reportedly died at the SMU on June 10, 2024." ECF 512. Abdullahi Mohamed is the only other named-class member/representative.

Court's Final Order. ECF 727. The plaintiffs also filed a supplemental request for fees ($35,165) and expenses ($2,645.81) incurred after May 31, 2025, bringing their total request to $630,669.44. ECF 733. Based on their objections (ECF 730; 735), defendants propose payments of $456,303.21 and $15,530.90 for the two periods.

The settlement agreement provides that the plaintiffs are entitled to recover attorney fees for monitoring and enforcing compliance with the agreement. ECF 485-1 ¶ 73. Paragraph 73 of the agreement provides that fees shall be reimbursed at a rate of $200 per hour for attorney work and $75 per hour for paralegal work, subject to a waiver for the first 200 hours each calendar year reasonably expended by counsel or their paralegals. *Id*. Thus, the reasonableness of counsel's hourly rate is not at issue, just the number of hours and certain expenses.[2]

## I. STANDARD

The Court applies the lodestar method to calculate a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433. "The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)

---

[2] The Court previously ruled that the settlement agreement's rates apply to all fees and rejected the plaintiffs' argument that a considerably higher market rate should apply to "contempt-related" fees. ECF 600 at 5–6. Perversely, the longer the defendants defied the Court's orders, the lower the effective compensation of counsel.

(citation and internal quotation marks omitted). Still, after calculating the lodestar fee, the Court determines whether any portion of this fee should be adjusted upwards or downwards based upon the results obtained. *Hensley,* 461 U.S. at 434. Indeed, "[c]ourts are considered experts on the reasonableness of the number of hours expended and the hourly rates requested. ... [A] district court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090 (11th Cir. 2022) (internal quotation marks and citations omitted).

## II. DISCUSSION

### A. Entitlement to Fees and Applicable Hourly Rate

It is undisputed that the plaintiffs are entitled to attorney fees under Paragraph 73 of the Settlement Agreement. Paragraph 73 provides that:

> The Parties agree that Defendants shall reimburse Plaintiffs for attorneys' fees at a rate of $200 per hour for attorney work and $75 per hour for paralegal work performed following the Court's final approval and adoption of this Agreement, in monitoring compliance with *and, if necessary, enforcing it.* The Parties agree that Plaintiffs shall waive any request for reimbursement of fees for the first 200 hours reasonably expended by counsel or their paralegals during each calendar year. Such fees shall be payable within 30 days of receipt by Defendants of invoices containing proper accounting of hours expended and tasks performed, unless … Defendants petition this Court for relief based upon a showing that some portion of the hours billed were not reasonably expended.

ECF 485-1 ¶ 73 (emphasis added).

Accordingly, the plaintiffs are entitled to reimbursement of reasonable attorney fees at $200 per hour for attorney work and $75 per hour for paralegal work for fees

incurred since July 20, 2024, subject to a waiver of the first 200 hours reasonably expended each calendar year.

**B. Reasonableness of Hours**

The plaintiffs claim that their fee requests reflect reasonable time spent monitoring and enforcing the Settlement Agreement. ECF 727; 733. The plaintiffs say they have applied reductions to their claimed hours, by deducting time spent on certain tasks. They also applied the 200-hour reduction required by Paragraph 73 of the Settlement Agreement. ECF 727; 733.

To determine a reasonable attorney fee, courts must assess both the necessity and efficiency of the hours expended. *Hensley*, 461 U.S. at 434. While the lodestar method provides a starting point for the calculation, courts must exclude from the lodestar any hours that are excessive, redundant, or otherwise unnecessary to the litigation effort. *Id*. The guiding principle is that the hours claimed should reflect the time that would have been reasonably spent by competent counsel on a similar matter, and courts, drawing on their own experience, have broad discretion to make necessary adjustments. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301–03 (11th Cir. 1988). Finally, as previously explained (ECF 600), given the Court's own experience and time expended on this case, this Court is uniquely qualified to determine the reasonableness of the hours claimed.

*1. July 20, 2024 to May 31, 2025*

The plaintiffs seek reimbursement for 2,916.8 attorney hours and 33.5 paralegal hours, totaling $585,872.50 in fees plus $6,986.13 in expenses, incurred between July 20, 2024 and May 31, 2025. ECF 727 at 7, 11. The defendants raise four primary

objections to this request, claiming that the plaintiffs seek $136,555.42 in unreasonable fees and expenses. ECF 730 at 2–3.

First, the defendants object to the request for fees related to two motions: (1) the plaintiffs' motion to again hold the defendants in contempt and to extend some provisions of the injunction (ECF 691); and (2) the plaintiffs' motion to modify the monitoring order (ECF 593).[3] ECF 730 at 4–6. The defendants claim these motions were "frivolous" and unrelated to enforcing the settlement agreement, in part, because they were denied. *Id.* Accordingly, the defendants argue the Court should not award the requested $108,640.00 for work related to the Extension Motion and the requested $3,740.00 for work related to the motion to modify the monitoring order. ECF 730 at 4. The Court agrees in part.

Although not frivolous, the plaintiffs' motion to extend pushed the envelope in two respects. When the plaintiffs filed that motion, GDC management had dramatically reversed course. After years of defiance and prevarication, and thanks to the guiding hand of court-appointed monitor Gary Mohr (and hefty daily contempt fines), the defendants had either fixed or were in the process of fixing most problems in the SMU. The plaintiffs acknowledged that in their motion to extend, but the motion unrealistically sought further fixing of a fundamental and largely intractable programming flaw in the concept of the SMU—duration of confinement in the SMU. ECF 737 at 129–31. Their motion also effectively, and again unrealistically, sought to rewrite the settlement agreement and Final Order to redress alleged improper use of force. The Court rejected

---

[3] The plaintiffs claim they are entitled to fees for 543.2 attorney hours related to their third motion to hold the defendants in contempt (ECF 730-1) and for 18.7 attorney hours related to their motion to modify the monitoring order (ECF 730-2).

both requests. *Id.* at 131–32. Otherwise, their motion, though aggressive, reasonably raised recurring and remaining problems in the SMU. After careful consideration, the Court concludes that a 50% reduction of the requested $108,640.00 is appropriate. The plaintiffs shall receive compensation for 271.6 hours spent on this motion, in the amount of $54,320.00.

The motion to modify the monitoring order was entirely appropriate. Although denied, the motion raised legitimate issues. No reduction is necessary.

Second, the defendants object to fees for tasks they claim are unrelated to enforcing the Settlement Agreement, such as submitting Open Records Act requests, drafting preservation of evidence letters, and reviewing medical records.[4] ECF 730 at 6–8; *compare* ECF 733 at 7–8. These activities, according to the defendants, fall outside the agreement's scope and should not be reimbursed. ECF 730 at 6–8. In response, the plaintiffs argue that these tasks were directly tied to monitoring compliance. ECF 733 at 7–8. For example, the plaintiffs claim the Open Records Act requests sought information about class member deaths and staffing levels, and they argue that reviewing medical records was necessary to monitor compliance with the agreement's provisions on medical and mental health care. *Id.* The Court agrees. The plaintiffs are entitled to fees for 22.2 hours of attorney work ($4,440.00) and for 11.5 hours of paralegal work ($862.50) for time spent performing these tasks ($5,302.50 total).

---

[4] The defendants also claim that the plaintiffs have included isolated entries for tasks such as retrieving criminal records for class members, which the defendants claim are irrelevant to enforcing the Settlement Agreement. ECF 730 at 8; *but see* ECF 485 at 56, 82–86 ("[I[t is clear that inmates are being denied the ability to move to the Tier III STEP Program solely because they have pending charges" in violation of the injunction.); *see also* ECF 733 at 8 n.2 ("Defendants repeatedly claimed that class members' pre-SMU conduct related to their 'perceived risk of release from the SMU' … so Plaintiffs reasonably investigated class members' alleged pre-SMU conduct in connection with the duration-of-confinement issue.").

Third, the defendants challenge the billing rate for 142.6 hours of work performed by attorney Benjamin Gunning. ECF 730 at 8–10. Specifically, the defendants argue that Mr. Gunning performed tasks typically handled by a paralegal, such as reviewing class member records and drafting legal visit memos; they claim he should have billed these hours at the paralegal rate of $75 per hour instead of the attorney rate of $200 per hour.[5] *Id.* The defendants propose recalculating his fees accordingly, which they claim would reduce his fees from $28,520.00 to $10,695.00. *Compare* ECF 730 at 8–10 *with* ECF 733 at 8.

True, Mr. Gunning performed some tasks previously handled by a paralegal. ECF 733 at 8–9. However, current counsel for the defendants entered their appearances after the Court held the defendants in contempt. They likely are unaware of the work of that paralegal. She was Caitlin Childs. Based on the Court's observations, she ran the plaintiffs' ground game. During the fact-intensive enforcement stage of this case, she was in the SMU gathering facts and documenting violations. In those years, some GDC employees did their best to cover their tracks. More than once, the Court turned to Ms. Childs to get the facts. In short, when Mr. Gunning stepped in for Ms. Childs, he was not filling the shoes of a paralegal. Mr. Gunning's fees are reasonable, and the Court overrules the defendants' objection. Accordingly, the Court declines to recalculate Mr. Gunning's fees.

Finally, the defendants challenge the reasonableness of the plaintiffs' expenses, arguing that some charges, such as gas and mileage reimbursements, are excessive

---

[5] After the departure of the plaintiffs' former investigator, Caitlin Childs, Mr. Gunning assumed her role in this case, which included reviewing class member records, summarizing those records, and drafting legal visit memos.

and that others, such as fees for Open Records Act requests and medical records, are unrelated to the Settlement Agreement. ECF 730 at 10–11. For example, the defendants highlight some gas and mileage charges for travel to the SMU exceeding $200 for a single trip. *Id.* They claim these charges are excessive given the distance between the plaintiffs' office and the SMU. *Id.* However, the plaintiffs claim that their expense reports aggregate credit card charges on a monthly basis, and the specific charge of $379.44, referenced by the defendants (ECF 730 at 11), covered multiple trips, including three visits to the SMU, attendance at a status conference in Macon, and a site visit. ECF 733 at 9. While the defendants propose a 15% reduction in expenses, which reduces the plaintiffs' expenses by $1,047.92 to $5,938.21, the plaintiffs maintain that the claimed expenses ($6,986.13) are reasonable and supported by detailed documentation. *Id.* The Court agrees with the plaintiffs.

In sum, the plaintiffs are entitled to fees for 2,645.2 attorney hours and 33.5 paralegal hours plus $6,986.13 in expenses, totaling $538,538.63. The Court concludes that these hours, as well as expenses, are reasonable given the nature and complexity of the case.

    *2. Fees Post May 31, 2025*

The plaintiffs seek $37,810.81 in fees and expenses incurred after May 31, 2025. ECF 733 at 10. The defendants raise three objections to this request and argue that the plaintiffs should receive no more than $15,530.90 for work performed after May 31, 2025. ECF 735.

First, the defendants ask the Court to deny the plaintiffs' request for attorney's fees for 75.1 hours of administrative work performed after the Settlement Agreement

-8-

expired on May 28, 2025.[6] *Id.* at 2–3. Specifically, the plaintiffs claim fees for tasks such as meeting with clients, drafting internal memoranda, and traveling to and from the SMU to speak with class members about the expiration of the injunction. ECF 733-1–733-8. The defendants argue the Settlement Agreement only allowed the plaintiffs to recover for work related to monitoring or enforcing the agreement. ECF 735 at 2–3. Once the Settlement Agreement ended, the defendants argue there was nothing left to monitor or enforce, so the plaintiffs are not entitled to recover fees for administrative work performed after May 28, 2025. *Id.* The Court agrees in part. The Court is satisfied that winding down a complex case that lasted much longer than it should have (thanks to defendants' misconduct), required some work. That work, the Court finds, was related to monitoring and enforcing the settlement agreement. However, based on the Court's review of the requested fees, the Court finds that a 25% reduction is necessary. Accordingly, the Court deducts 18.8 hours from the 75.1 hours spent performing administrative work after the Settlement Agreement expired.

Second, the defendants object to the plaintiffs' request for $20,170 in fees incurred preparing and litigating the present motion.[7] ECF 735 at 4–6. The defendants contend these fees should be reduced by 23% because they include fees for unsuccessful claims, work beyond the scope of the Settlement Agreement, and fees calculated at improper rates, i.e., for the same reasons as the plaintiffs' fee request for

---

[6] 75.1 hours of work billed at the attorney rate is $15,020. The defendants' attached timesheet (ECF 735-2) indicates only attorneys billed time for these tasks but nevertheless suggests the total amount for 75.1 attorney hours is $14,980. ECF 735 at 2–3.

[7] The parties do not say whether counsel conferred to resolve the defendants' objections. In most cases that would have been the reasonable thing to do. Perhaps, that would be too much to expect in this case.

work performed before May 31, 2025. *Id.* The Court disagrees. As discussed, the plaintiffs' fee requests were not frivolous, and they reasonably sought reimbursement.

Third, the plaintiffs request $2,645.81 in expenses, such as expenses for food, mileage, and translation services, which the defendants argue should not be reimbursed. ECF 733-1 at 15; 735 at 6. According to the defendants, these expenses should not be reimbursed because they are either (1) related to administrative work performed after the termination of the Settlement Agreement; or (2) related to an evidentiary hearing on the plaintiffs' motion to hold the defendants in contempt and extend the Settlement Agreement, which the Court denied. ECF 735 at 6. The Court disagrees. The evidentiary hearing in question was the final hearing convened primarily to address whether the defendants had purged themselves of contempt. Accordingly, the plaintiffs are entitled to recover these expenses.

In sum, the plaintiffs shall receive $34,051 for fees and expenses incurred since May 31, 2025.

## C. Total Award Amount

The Court, having reviewed the motion for attorney fees and the plaintiffs' supporting documentation determines that the appropriate lodestar calculations are as follows:

First, for the period of July 20, 2024 to May 31, 2025, the Court finds that 2,645.2 attorney hours and 33.5 paralegal hours were reasonably expended by plaintiffs' counsel. Based upon the applicable hourly rates of $200 per hour for attorney work and $75 per hour for paralegal work, the total fee award for this period amounts to $531,552.50.

Second, for fees incurred since May 31, 2025, the Court finds 152 hours reasonably expended by attorneys and 13.4 hours reasonably expended by a paralegal. Based upon the applicable hourly rates of $200 per hour for attorney work and $75 per hour for paralegal work, the total fee award for this period amounts to $31,405.

The combined total for both periods results in a lodestar amount of $562,958. The Court further finds that the requested expenses in the amount of $6,986.13 and $2,645.81 are reasonable and properly supported. In sum, the total award for attorney fees and expenses is $572,589.63. This award reflects the appropriate compensation for the hours reasonably expended and the applicable hourly rates for both attorneys and paralegals.

### III. CONCLUSION

For the foregoing reasons, the plaintiffs' motion for attorney fees (ECF 727) is **GRANTED** in part and **DENIED** in part. The plaintiffs are awarded $572,589.63 in fees and expenses incurred since July 20, 2024.

**SO ORDERED**, this 15th day of October, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
